In re EUREKA UPHOLSTERING CO., Inc.
In re SHULMAN et al.
No. 356.

Circuit Court of Appeals, Second Circuit.
April 6, 1931.

Mark H. Shulman, of New York City, and Henry Rubin, of Brooklyn, N. Y., for appellants.

David Haar, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The petitioning creditors filed a petition for adjudication of the bankrupt on May 20, 1930, and got a receiver appointed on the same day, who was later appointed trustee, but who never applied to the court for the appointment of an attorney. It may, however, be assumed arguendo that, while acting as receiver he consulted with the attorneys for the petitioning creditors, availed himself of their services, and, as far as he was free to act, actually retained them as his attorneys. They examined the bankrupt and witnesses before the referee, attended meetings of creditors at one of which a composition was discussed, procured an order for the sale of the estate, discovered and secured certain concealed property, attended the sale of the assets, conferred with the receiver, and with creditors and debtors of the bankrupt, and prepared the receiver's accounts and his final report. The referee and judge thought these services only "routine" and allowed one hundred dollars. The attorneys appealed.

The petition was irregular in form, since it should have been made by the petitioning creditors themselves. In re Medina Quarry Co., 191 F. 815 (C. C. A. 2). Passing this, it is apparent that the position of an attorney for petitioning creditors has been misconceived. Apparently the appellants suppose that by acting upon the retainer of the receiver as his attorneys, they acquired that status and may recover on that basis. This is not true. The forty-fourth General Order in Bankruptcy (11 USCA § 53) provides that no attorney shall be appointed for a receiver, except by order of court and upon petition of the receiver, supported by the proposed attorney's affidavit. Local Rule 4 of the Eastern District of New York is to the same general effect, though a little more stringent in form. A similar rule was before the Supreme Court in Weil v. Neary, 278 U. S. 160, 49 S. Ct. 144, 73 L. Ed. 243, where it was held that its disregard not only prevented the attorney from recovering any compensation, but even invalidated an agreement to share the fees of the attorney actually appointed by the court. The order and the rule were passed to control serious abuses and are to be strictly observed; without an order of court upon full presentation of the relation of the proposed attorney with all other interests involved, not only may he not be retained, but he can recover nothing, no matter how beneficial, or how arduous, his services. He is confined to such an allowance as may reward him for acting for the petitioning creditors, which in the ab-

sence of a contest on the petition involves only simple duties.

■ The appellants argue that they may at least recover under section 64b (2), 11 USCA § 104 (b) (2), since their services have been the means of recovering a substantial amount for the estate. In this too they are mistaken. While that section does indeed justify such an award after motion to compel the receiver or trustee to undertake a litigation (In re Stearns Salt & Lumber Co., 225 F. 1 [C. C. A. 6]), this is a condition upon the right, at least after a receiver has been appointed (In re Medina Quarry Co., supra). The receiver is responsible for the collection of the assets (In re Felson [D. C.] 139 F. 275, 280), and he alone can authorize any charges against them. If any creditor, petitioning or other, learns facts which lead him to suppose that property has been concealed, he may, and indeed he should, advise the receiver, and if the receiver prove slack, he may apply to the referee to stir him to action. The referee or the judge may then authorize the creditor to proceed, and he will be entitled to his reward under section 64b (2), but not otherwise.

Only in this way can claims be avoided for volunteered services, which may or may not have been such as the receiver would, or should, have authorized. The appellants are thus in the dilemma, either of having acted upon an unauthorized retainer of the receiver, which the general order and rule forbid, or of having acted under section 64b (2), while there was a receiver, on whom the primary duty devolved to take action, and whose primacy had not been displaced by an order of the court. On no theory could they therefore run up charges which may be recognized.

■■ In conclusion, we cannot ignore the curious notion which this application discloses, that an attorney may recover for what are not legal services at all. For example, in the petition at bar are items for arranging for the sale of the assets, hiring truckmen to carry back concealed property to the bankrupt's place of business, safeguarding the property, going along with the truck, checking up what was found, stirring up a criminal prosecution, getting hold of an accountant, collecting accounts due, inquiring of a pledgee of accounts as to any equity, examining the bankrupt's papers, and more of the sort. The implication behind these claims is that the receiver's attorney may recover, as for legal services, for discharging the duties of the receiver himself. This is an error,

due to the confusion that has come to pervade the whole relation of attorneys to a bankrupt estate, except for which it would seem scarcely necessary to say that the receiver or trustee, and he alone, can recover for services in collecting the estate, and that his statutory fees are the limit of his compensation for these. Any truly legal services he may require are indeed in another class, but his attorney, when he has one, cannot take on his duties, and then recover for them under the guise of legal services, which they are not. It is true that the line is not always easy to draw, but it is there, and referees should draw it straitly, else the estate will be burdened with a duplication of charges. Receivers may perhaps be too poorly paid to discharge their duties; if so, the system will not work. But no such considerations can disguise or justify an allowance to their attorneys for putting themselves in their place.

Order affirmed.