**In the Matter of HAMILTON DISTRIBUTORS, INC., Bankrupt.**

**Appeal of Glenn R. HEYMAN, Receiver and Trustee.**

**No. 18419.**

United States Court of Appeals, Seventh Circuit.

Feb. 25, 1971.

As Corrected March 17, 1971.

KILEY, Circuit Judge.

This appeal poses the issue whether a referee in bankruptcy abused his discretion in the allowances granted to attorney Heyman for legal services rendered by him to the bankrupt estate so as to justify the district court in reducing allowances.

The referee appointed appellant attorney Heyman as receiver and authorized him also to perform legal services for the receivership. At the first meeting of creditors, Heyman was also appointed trustee, with authority again given to perform legal services for the estate. Heyman's final report applied for compensation for services as receiver, trustee and attorney for receiver and trustee. After due notice to creditors the referee allowed Heyman $1,000 and $2,750, as attorney for receiver and trustee, respectively.[1] The allowances required approval of the district court,[2] which on review reduced the respective legal fees to $700 and $1,800.

The allowances were based upon the referee's findings of Heyman's diligence in recovery of funds and negotiations of sales which increased the value of the estate by $6,000; and of "alleged preferences" which netted $7,500 for the estate. The referee concluded the allowances made were for services actually performed and were reasonable.

The district court found that appointment of a person "wearing four hats" (receiver, trustee, receiver's attorney and trustee's attorney) to be "highly objectionable" since review was made "virtually impossible." The court noted that "the confusion of roles" was improper because although Section 48 of the Bankruptcy Act, 11 U.S.C. § 76, set a method of computing, and a limit upon, fees for receivers and trustees, no limitation is set upon exercise of a referee's allowance of legal fees. The court thought that "when virtually all" admin-

Louis W. Levit, Chicago, Ill., for appellant.

No appearance for appellee.

Before KILEY, FAIRCHILD and CUMMINGS, Circuit Judges.

1. There is no question raised as to the other fees allowed.

2. Since the expenses of administration of the estate exceeded 25% of the net proceeds realized, Bankruptcy Rule 25F(2) of the district court necessitated review of the allowances by the court.

istrative duties are transformed into "expensive legal duties," the "economical spirit" of the Act is ignored.[3]

The court found the legal fees allowed averaged out at $37.50 per hour and that many functions attributed to those fees were for non-professional services. The court reduced the fees to an average of $25 per hour which the court thought was the amount justified.

Prior to 1938 a receiver or trustee was not permitted to receive "any other or further compensation for his services" than that expressly authorized by the Act. 11 U.S.C. § 112. The 1938 amendment, however, changed the provision to permit receipt of compensation for services not required by the Act by adding the words "as required by this Act" to the quoted provision. See 4 Collier, Bankruptcy § 72.02 (14th ed.). In In re Ira Haupt & Co., 361 F.2d 164 (2d Cir. 1966), the Second Circuit held that a court could authorize a trustee to appoint his own law firm as counsel in administering a bankrupt estate that was not substantial. The court reasoned that since rendition of legal services by a receiver or trustee is not required by the Act, Section 112 would seem to permit the officer to receive compensation for serving as his own lawyer.

■ In *Haupt* the amount of compensation was not in question. But from the text of the *Haupt* opinion we see no room for doubt that that court would approve a reasonable fee for the receiver's or trustee's services as attorney. And we see no reason why, in the relatively small estate before us, receiver-trustee Heyman should not be reasonably compensated for the legal services rendered, since he was authorized to perform these services. The SEC recommends the practice of appointing, and compensating, the same person as receiver and attorney, for economy reasons. *See Haupt, supra,* at 169. And the practice is encouraged by the Administrative Office of United States Courts.[4] Therefore, in so far as the district court's opinion may be read as finding Heyman's multiple service *per se* improper, we disagree.

The district court found indications in the record before it that "many functions attributed to legal services [by Heyman] required no expertise;" and that "only in rare instances * * * when there is present such a confusion of functions" could a higher rate than $25 per hour be justified.

■ The district court opinion does not specify the "many functions" which should not have been attributed to legal services. We have examined Schedules (F) and (G) which list the dates and legal services rendered to the receiver and trustee, respectively. We are unable to determine reliably what services listed as legal were not. We are satisfied with the referee's Memorandum Decision statement that in making the allowances he considered the results achieved "together with his knowledge" of the rendition of the legal services. We see no basis for a conclusion that the referee abused his discretion in allowing the fees. Sarver v. Sarver, No. 17083 (7th Cir. filed Feb. 17, 1969).

■ It is true that the court could properly take into consideration the "economical spirit" of the Act as one factor. Jacobovitz v. Double Seven Corp., 378 F.2d 405, 408 (9th Cir. 1967). The "economical spirit" of the Act does not however require or justify reducing attorney fees where all other factors indicate the fees are reasonable. *Id.*

We conclude that the referee did not abuse his discretion and that the district court erred in reducing the fees. The district court judgment is reversed and the cause is remanded with directions to approve the referee's allowances.

Reversed and remanded with directions.

---

3. The district court opinion noted the net proceeds of the estate were $18,302.18 and Heyman's total compensation $4,350.00 which with other expenses brought administration costs to 29.7%.

4. See Administrative Office letter of Royal Jackson, Chief, Division of Bankruptcy, dated May 19, 1970, appended to appellant's brief in this cause.