**In re FOSTER IRON WORKS, INC.**

**Civ. A. No. H–79–2222.**

United States District Court, S. D. Texas, Houston Division.

March 21, 1980.

---

6. *See* comments of Representative Allen E. Ertel, 1978 U.S.Code Cong. & Admin.News, pp. 639–41.

Sheinfeld, Maley & Kay, Rey Stroube, Houston, Tex., for debtor.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Presently pending before the Court is an appeal by the law firm of Sheinfeld, Maley & Kay, counsel for the Debtor, from the orders of Bankruptcy Judge William M. Schultz, issued on August 16, 1979, and September 6, 1979. Appellant challenges the legality and propriety of the Bankruptcy Judge's orders concerning the award of attorneys' fees, Appellant's motion for rehearing and Appellant's motion to disqualify.

Appellant, Sheinfeld, Maley & Kay, in its statement of issues on appeal has presented the following points:

I. Whether the Bankruptcy Court erred in its determination of the amount of reasonable compensation for Appellant;

II. Whether the Bankruptcy Court erred in refusing to conduct a hearing on Notice to Creditors of Appellant's Application for Compensation;

III. Whether the evidence before the Bankruptcy Court constitutes sufficient evidence to support the Bankruptcy Court's findings;

IV. Whether there is any evidence in the record to support the Bankruptcy Court's findings;

V. Whether the Bankruptcy Court's ruling on attorneys' fees constitutes an abuse of discretion;

VI. Whether the Bankruptcy Court erred in denying the Appellant's Motion for Rehearing;

VII. Whether the Bankruptcy Court erred in denying the Appellant's Motion to Disqualify;

VIII. Whether the Bankruptcy Court's ruling denying Appellant's Motion to Disqualify constituted an abuse of discretion.

This Court has review of the Bankruptcy Court's orders under Rule 801 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 67(c).

■ Before discussing the various issues presented to the Court it is necessary to define the scope of this review. Bankruptcy Courts have broad discretion in determining the amount of attorneys' fees to be awarded. *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *Massachusetts Mutual Life Insurance Co. v. Brock*, 405 F.2d 429, 432 (5th Cir. 1968), *cert. denied*, 395 U.S. 906, 89 S.Ct. 1748, 23 L.Ed.2d 220 (1969). This exercise of discretion will not be interfered with absent a showing that it has been abused. *Id.* A Bankruptcy Judge may commit an abuse of discretion by either failing to follow proper legal standards and procedures in making the determination or by basing an award on clearly erroneous findings of fact. *Id.*

The Fifth Circuit in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), enunciated twelve factors that a district court must consider in awarding attorneys' fees. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability of the case"; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases.

Although *Johnson v. Georgia Highway Express, Inc., supra*, was a Title VII case, the Fifth Circuit has determined that the twelve factors are equally applicable to the award of attorneys' fees in Bankruptcy proceedings. *In re First Colonial Corp. of America, supra*, at 1299. The Court in *In re First Colonial Corp. of America, supra*, states two additional considerations, which the Bankruptcy Judge must keep in mind. *Id.* First, the bankruptcy estate must be administered as efficiently and economically as possible. *Id.* Therefore, awards should be "at the lower end of the spectrum of reasonableness." *Id.* Second, Bankruptcy attorneys occasionally perform dual functions in Bankruptcy practice which might lead to the award of duplicative fees. *Id.*

■ In determining attorneys' fees the Bankruptcy Judge must adhere to the following three-step procedure: (1) he must determine the nature and extent of the attorney's services; (2) he must ascertain the value of the services; and (3) he must briefly explain the findings and indicate how each of the twelve factors listed in *Johnson, supra*, affected his decision. *In re First Colonial Corp. of America, supra*, at 1299. It is an abuse of discretion not to consider the twelve factors enumerated by the Court in *Johnson, supra*. 488 F.2d at 720.

■ The Bankruptcy Judge's Memorandum and Order of August 16, 1979, fails to explain how the twelve factors enumerated in *Johnson* affected his decision. Further,

the Bankruptcy Judge based his determination on the holding in *In re Arlan's Department Stores, Inc.*, 462 F.Supp. 1255 (S.D.N.Y.1978). The Court in *Arlan, supra*, determined that the debtor's general counsel, in Chapter XI proceedings, was not entitled to a fee. 462 F.Supp. at 1264–65. The Court's decision was prompted by counsel's failure to make full and complete disclosure of information and the concealment of an unlawful fee splitting arrangement. *Id.* The decision of the Court in *Arlan* is completely contrary to the standards and procedures prescribed by the Fifth Circuit. The Court is of the opinion that the Bankruptcy Judge abused his discretion by failing to apply the prescribed standards and procedures for awarding attorneys' fees. Consequently, the Court will not examine Appellant's Points III and IV concerning the evidentiary basis for the Bankruptcy Court's findings. Nor will the Court address Appellant's Point I concerning the reasonableness of the amount of attorneys' fees awarded.

■ Appellant contends (Point II) that the Bankruptcy Judge erred in refusing to conduct an evidentiary hearing, with notice to creditors, on Appellant's application for attorneys' fees. The Fifth Circuit has stated that when, as in this instance, a Bankruptcy Judge is requested to hold a full evidentiary hearing, on an application for attorneys' fees, he is obligated to do so. *In re First Colonial Corp. of America, supra*, at 1300; See, 11 U.S.C. § 94(a)(8), Federal Rules of Bankruptcy Procedure, 203(a)(6), 11–24(a)(7). Consequently, the Bankruptcy Court erred in refusing to conduct the requested evidentiary hearing, with proper notice to creditors. Further, the Court is of the opinion that the Bankruptcy Court erred in denying Appellant's motion for rehearing (Point VI).

■ Finally, Appellant challenges the Bankruptcy Court's order denying Appellant's motion to disqualify. Appellant, pursuant to 28 U.S.C. §§ 144 and 455, filed a motion to disqualify and an affidavit alleging that Judge Schultz was personally biased against Appellant. Judge Schultz, in denying the motion to disqualify, deter-

mined that Appellant's affidavit was insufficient under the standards of 28 U.S.C. § 144. Sections 144 and 455 are to be construed *in pari materia. Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1052 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *see, Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497, 505 (D.S.C.1975). However, the application of section 144, unlike section 455, is limited to district court judges. It is not applicable to bankruptcy judges or federal appellate judges. *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979); *Pilla v. American Bar Association*, 542 F.2d 56, 58 (8th Cir. 1976); *Dubnoff v. Goldstein*, 385 F.2d 717, 720 (2nd Cir. 1967). The Fifth Circuit has stated that section 455 "applies only to conduct which runs against a party and not the lawyer." *Davis v. Board of School Commissioners of Mobile County, supra*, at 1052. Moreover, disqualification under section 455 will result only from extra-judicial conduct and not from conduct within a judicial context. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Davis v. Board of School Commissioners of Mobile County, supra*, at 1052; *see, Duplan Corp. v. Deering Milliken, Inc., supra*, at 519–23.

■ Appellant's allegations of personal bias are founded upon the acts and statements of Judge Schultz made in a judicial context. Further, the alleged bias was not directed against a party but against Appellant, counsel for the debtor. Consequently, the Court is persuaded that Judge Schultz properly denied Appellant's motion to disqualify.

In light of the above, the Court is of the opinion that Bankruptcy Judge's decision of August 16, 1979, concerning attorneys' fees, must be reversed, vacated and remanded to the Bankruptcy Court and that the order of September 6, 1979, denying Appellant's motion to disqualify must be affirmed. It is, therefore,

ORDERED that the decision of the Bankruptcy Judge issued on August 16, 1979, is hereby REVERSED, VACATED and RE-

MANDED with the following instructions: (1) the Bankruptcy Judge will conduct a full evidentiary hearing, with notice to creditors, on Appellant's application for attorneys' fees and (2) the Bankruptcy Judge will redetermine the amount of fees to be awarded in conformity with the guidelines set forth in *In re First Colonial Corp. of America, supra.* Further, the Bankruptcy Judge's order of September 6, 1979, denying Appellant's motion to disqualify is hereby AFFIRMED.