**In re McAULEY TEXTILE CORP., Debtor.**

**Bankruptcy No. BK77–55ND.**

United States Bankruptcy Court, D. Maine.

June 9, 1981.

Richard E. Poulos, Portland, Me., for Chapter XI Receiver and trustee in bankruptcy.

John F. Logan, Bangor, Me., for Bangor Hydro—creditor objecting to application for fees.

## MEMORANDUM OPINION

CONRAD K. CYR, Bankruptcy Judge.

The court is required to consider creditor objections to the allowance of compensation for professional services performed by counsel for the Chapter XI receiver [$15,562.50] and later for the trustee in bankruptcy [$13,087.50]. Counsel fees are based on services requiring 297.25 hours of professional time at approximately $79 per hour,

substantially less than the $125 private rate charged by the applicant. Objections are also made to the applications for compensation of the trustee in bankruptcy [$1,746.43] and the Chapter XI receiver [$7,013.76].

The main thrust of the creditor objections is that the requested allowances approximate forty percent of the entire unpaid costs of administration incurred during the Chapter XI proceedings.[1] The objecting creditor, itself facing the certain prospect of receiving far less than the full amount due it for postpetition electricity supplied to the debtor and/or the receiver, contends that allowance of the requested fees would be unfair to it and to other creditors similarly situated, particularly since some of the services for which compensation is requested did not require professional expertise.

A fundamental concern for the conservation of bankrupt estates and for the protection of creditor interests requires careful circumscription of costs of administration, particularly those that divert assets to the administrators rather than the beneficiaries of the estate. *See Callaghan v. Reconstruction Finance Corp.*, 297 U.S. 464, 468–69, 56 S.Ct. 519, 521, 80 L.Ed. 804 (1936); *In re Dole*, 244 F.Supp. 751, 754 (D.Me.1965). Inasmuch as the applicant conducted the business of the debtor, the compensation heretofore allowed him as receiver was properly based upon Bankruptcy Act § 48(a)(2) & (3). The services rendered were essential to the conduct of the business. *See In re Farrington Manufacturing Co.*, 540 F.2d 653, 656 (4th Cir. 1976); *In re C. & W. Building Maintenance Company*, 16 C.B.C. 267, 275 (C.D.Calif.1978). There is no evidence that the applicant failed in any respect to conduct the business in good faith, honestly and prudently. *Id.* at 281–82. The compensation allowed the applicant as trustee in bankruptcy was authorized by Bankruptcy Act § 48(c), *see Rose Pass Mines v. Howard*, 615 F.2d 1088, 1090 (5th Cir. 1980); *In re C. & W. Building Mainte-*

---

1. The business was operated under Chapter XI from April 11, 1977 to the date of adjudication on September 29, 1978, incurring $246,779 in unpaid debts, including $206,051.50 of unpaid

obligations for goods and services provided by creditors and tax obligations incurred during the Chapter XI business operations.

*nance Company, supra* at 276–77, at rates significantly lower than that which he commands in private law practice. *See In re York International Building, Inc.,* 527 F.2d 1061, 1069 (9th Cir. 1975), *rehearing denied* (1976); *In re Dole,* 244 F.Supp. 751, 754 (D.Me.1965). *But cf.* Bankruptcy Code § 330(a)(1), 11 U.S.C. § 330(a)(1) (1979) [cost of comparable services other than in a case under this title, a factor to be considered in fixing compensation].

■■■ Professional services in behalf of a receiver or trustee in bankruptcy are compensable as costs of administration, provided the retention of such professional assistance has been authorized by the court, *see In re J. & S., Inc.,* 19 C.B.C. 822, 824 (D.Vt. 1979); 3A *Collier on Bankruptcy* ¶ 67.12, 14th ed. at 1462; Bankruptcy Rule 216(a), to the extent such professional services are reasonable and necessary. *See Rose Pass Mines v. Howard,* 615 F.2d 1088, 1090 (5th Cir. 1980); *In re Meade Land and Development Co., Inc.,* 527 F.2d 280, 284 (3d Cir. 1975); *In re Union Dredging Company,* 225 F. 188, 194 (D.Del.1915). Reasonable and necessary legal services include only those services that require professional legal skill and expertise beyond the ordinary knowledge and skill of a trustee. *In re Meade Land and Development Co., Inc., supra* at 284; *In re Mabson Lumber Co., Inc.,* 394 F.2d 23, 24 (2d Cir. 1968); *In re Union Dredging Company, supra* at 195. A trustee or receiver cannot recover counsel fees for services in fulfillment of fiduciary duties. *In re J. M. Wells, Inc.,* 575 F.2d 329, 331 (1st Cir. 1978).

■■■ Ascertaining that attorney fee applications are predicated on legal services only is a judicial responsibility, *see In re Eureka Upholstering Company, Inc.,* 48 F.2d 95, 96 (2d Cir. 1931); *In re Foster Iron Works, Inc.,* 3 B.R. 715, 22 C.B.C. 839, 841 (D.C., S.D.Tex.1980), which presupposes an application for allowance containing sufficient detail to enable the court to determine the precise services performed, the time expended, the problem involved, its difficulty, the purpose of the action taken and the resolution reached, *In re Hamilton Distributors, Inc.,* 440 F.2d 1178, 1180 (7th Cir. 1971); *In re Leader International Industries, Inc.,* 2 B.C.D. 588, 589 (E.D.Mich. 1976), as well as the benefit to the estate, *see In re York International Building, Inc.,* 527 F.2d 1061, 1069 (9th Cir. 1975), *rehearing denied* (1976); *In re J. & S., Inc.,* 19 C.B.C. 822, 824 (D.Vt.1979); *but see In re Coast Investors, Inc.,* 388 F.2d 622, 625 (9th Cir. 1968). Any insufficiency in the application for allowance in these respects does not relieve the court of its duty to determine the professional nature of the services rendered, but leaves the court no alternative but to proceed with that task on the basis of whatever information may have been acquired during the course of the proceedings. *See In re Hamilton Distributors, Inc.,* 440 F.2d 1178, 1180 (7th Cir. 1971); *In re Leader International Industries, Inc.,* 2 B.C.D. 588, 589 (E.D.Mich.1976). On the basis of the pending applications, following their amendment, the court concluded that many hours for which compensation is sought are not shown to have been devoted to the performance of professional legal services.[2]

■■■ Unless accompanied by unusual difficulties, the actual performance of fiduciary duties of the receiver and trustee in bankruptcy are their own responsibility not the responsibility of their counsel; including the obligation to reduce the estate to money, *In re Mabson Lumber Co., Inc.,* 394 F.2d 23, 24 (2d Cir. 1968); Bankruptcy Act § 47(a)(1), 11 U.S.C. § 75(a)(1); Bankruptcy Rule 605(a), to pay routine bills, 3A *Collier on Bankruptcy* ¶ 69.09[1] 14th ed. at 1511, including taxes, *In re Union Dredging Company,* 225 F. 188, 195 (D.Del.1915), to arrange insurance coverage for the estate, 3A *Collier, supra* ¶ 62.09[1], to examine books and records of the estate, *see In re J. M.*

---

**2.** The application sufficiently demonstrates that 98.70 hours of the total 164.50 hours expended by counsel for the receiver were devoted to professional legal services. The application of counsel for the trustee in bankruptcy substantiates 103.30 hours of professional services, among the 132.75 hours expended.

*Wells, Inc.*, 575 F.2d 329, 331 (1st Cir. 1978); *In re Mabson Lumber Co., Inc., supra* at 24, and to sell real estate of the business as a going concern, *In re Leader International Industries, Inc.*, 2 B.C.D. 588, 590 (E.D.Mich. 1976); *see also* Bankruptcy Act § 70(f); 11 U.S.C. § 110(f). There were unusual difficulties in this case relating to various real and personal property sales that required legal expertise, involving tax loss carry-overs, lien status determinations (perfection and priority), and problems relating to mortgage interest rates and moratoria. Other activities required legal expertise as well, particularly negotiations for postpetition payment and indemnity arrangements, and moratoria, as well as negotiating and arranging postpetition loans and certificates of indebtedness. *See In re Union Dredging Company*, 225 F. 188, 195 (D.Del. 1915). Although examining and objecting to claims is a statutory duty of the trustee, *In re Cliff House Motor Hotel*, 2 B.C.D. 460, 461 (W.D.Mo.1976); Bankruptcy Rule 218, the difficult problems here posed warranted the services of an attorney in evaluating the allowability, priority and secured status of claims.

In those instances where insufficient explanatory information did not enable a determination of the precise nature of the services rendered, the court felt compelled to determine that the services were not compensable as legal services, *see In re Hamilton Distributors, Inc.*, 440 F.2d 1178, 1180 (7th Cir. 1971); *In re Leader International Industries, Inc.*, 2 B.C.D. 588, 589 (E.D.Mich.1976); a determination which the court would be inclined to reconsider upon prompt submission of a more sufficient application.

■ Although the applicant's private hourly rate is significantly above the $75 rate here allowed, it would be inequitable to other administrative claim holders to permit allowance of a greater rate in circumstances where administrative claims incurred for goods, services and taxes during the course of conduct of Chapter XI business operations cannot be satisfied. *See Realty Associates Security Corp. v. O'Connor*, 295 U.S.

295, 299, 55 S.Ct. 663, 664, 79 L.Ed. 1446 (1935); *In re Farrington Manufacturing Co.*, 540 F.2d 653, 656 (4th Cir. 1976). The requested $25 per hour for paralegal services is reasonable. *Cf. Rose Pass Mines v. Howard*, 615 F.2d 1088, 1092 (5th Cir. 1980) [paralegal not entitled to compensation at same rate as attorney].

Upon consideration of the various factors to be balanced in awarding counsel fees in bankruptcy proceedings, see *In re Dole*, 244 F.Supp. 751, 754–55 (D.Me.1965), the applicant is entitled to the sum of $5,590 as attorney for the receiver, the sum of $6,460 as attorney for the trustee in bankruptcy.

Enter order.