**In re FUEGO HEATING SYSTEMS, INC., Debtor.**

**Bankruptcy No. BK–78–61 ND.**

United States Bankruptcy Court, D. Maine.

Jan. 26, 1982.

---

**562**

Christopher Limberis, Bangor, Me., Trustee.

Richard E. Poulos, Portland, Me., for trustee.

Gary Growe, Bangor, Me., for debtor.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

Counsel for the Debtor filed an application for attorney's fees and disbursements in the amount of $836.87. This amount would augment an initial $500 retainer. A portion of the thirty-one hours expended by counsel was for services rendered after the Chapter XI debtor was adjudicated a bankrupt.[1] Counsel's hourly rate of $40 is certainly reasonable.

The trustee objects to the fees sought, claiming that any fees in excess of the $500 retainer should be disallowed because they did not benefit the estate, were a duplication of services rendered by other attorneys and that any services performed after adjudication were not authorized by the court.

■ Compensible administrative expenses must be actual and necessary. *Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088, 1090 (5th Cir. 1980); *In re Dole*, 244 F.Supp. 751, 754 (D.Me.1965); Bankruptcy Act § 62(a)(1). The amount of compensation must be fair and reasonable, *In re Dole, supra*, thereby necessitating a review of all applications. *See Watkins v. Sedberry*, 261 U.S. 571, 43 S.Ct. 411, 67 L.Ed. 802 (1923). In reviewing counsel's application for fees the bankruptcy court must protect the creditor's interest in the debtor's property, *see Realty Associates Securities Corp. v. O'Connor*, 295 U.S. 295, 299, 55 S.Ct. 663, 664–65, 79 L.Ed. 1446 (1935), while treating counsel with fairness, *see Massachusetts Mutual Life Insurance Co. v. Brock*, 405 F.2d 429, 432–33 (5th Cir. 1968).

■ The documentation accompanying Mr. Growe's application does not contain a sufficient description of the nature, purpose and affect of the services provided. *See In re York International Building, Inc.*, 527 F.2d 1061, 1069 (9th Cir. 1975); *In re J & S, Inc.*, 19 C.B.C. 822 (D.Vt.1979). Absent this information the court may proceed to determine the fees allowable based on information available. *In re Hamilton Distributors, Inc.*, 440 F.2d 1178, 1180 (7th Cir. 1971).

■ A review of counsel's application indicates that of the 21 hours provided the debtor-in-possession, 3 hours expended for unidentified "research" is not compensible. Of the ten hours provided the debtor after adjudication 6¼ hours were appropriately the function of debtor's counsel and 3¾ hours should have been performed by the trustee or are too vague to make a judgment in favor of counsel.

The preparation of a final report is required by the debtor-in-possession by Bankruptcy Rule 122(7) and is compensible. The preparation of amended schedules of affairs and consultation with the trustee are reasonably expected to be performed by debtor's counsel. However, negotiations pertaining to state taxes and securities are clearly a function of the trustee.

Debtor's counsel is allowed fees in the amount of $470 plus expenses of $96.87.

An appropriate order will be entered.

---

1. This case was commenced under the old Bankruptcy Act.