In re BEST PACK SEAFOOD, INC., Debtor.

Bankruptcy No. 281–00181.

United States Bankruptcy Court, D. Maine.

July 15, 1982.

Daniel Amory, Drummond, Woodsum, Plimpton, Portland, Me., for trustee.

Stuart A. Pennels, New Enterprise Institute, Portland, Me., trustee.

## MEMORANDUM OPINION

FREDERICK A. JOHNSON, Bankruptcy Judge.

Counsel to the trustee of Best Pack Seafood, Inc. a chapter 11 debtor, has requested approval of interim compensation in the amount of $32,936.00 for professional services and expenses in the amount of $1,904.25. First Phillips Corporation, the financier of the debtor's reorganization plan has objected to the fees on the grounds they exceed the $20,000 maximum amount set for such service in an agreement between it and the trustee.

Counsel for the trustee, whose retention was previously approved by the court, is entitled to compensation for professional services. *See Cowgill v. Acker (In re Byman Furniture & Interiors, Inc.)*, 14 B.R. 230, 5 C.B.C.2d 376, 381 (Bkrtcy.S.D. Tex.1981); 11 U.S.C. § 327(b); *see also Official Creditors Committee of Fox Markets v. Ely*, 337 F.2d 461 (9th Cir. 1969); *In re J & S Inc.*, 19 C.B.C. 822, 824 (Bkrtcy.D.Vt. 1979). But this application like all such fee applications must be reviewed by the court *In re Eureka Upholstering Co.*, 48 F.2d 95 (2nd Cir. 1931), to determine within its discretion, *In re Dole*, 244 F.Supp. 751, 754 (D.Me.1965); *In re McAuley Textile Corp.*, 11 B.R. 646 (Bkrtcy.D.Me.1981), that the services rendered required the professional legal skills of an attorney, *In re Meade Land and Development Co., Inc.*, 527 F.2d 280 (3rd Cir. 1975), as counsel fees cannot be paid for services that should have been performed by the trustee, *In re J. M. Wells*, 575 F.2d 329, 331 (1st Cir. 1978), and are reasonable and necessary for the preservation of the estate, *Rose Pass Mines v. Howard*, 615 F.2d 1088, 1090 (5th Cir. 1980).

Determining that the fees sought represent only legal services is a judicial responsibility, *In re Eureka Upholstering Company, Inc.*, 48 F.2d 95, 96 (2d Cir. 1931); *In re Foster Iron Works, Inc.*, 3 B.R. 715, 22 C.B.C. 839, 841 (S.D.Tex.1980); *In re McAuley Textile*, 11 B.R. 646, 648 (Bkrtcy.D.Me. 1981), which is facilitated by the attorney's application, *In re Farrington Manufacturing Co.*, 540 F.2d 653, 657 (4th Cir. 1970), which should provide sufficient detail to permit a determination of the legal nature of the service and whether it is a reasonable and necessary expense, *see In re Hamilton Distributors, Inc.*, 440 F.2d 1178, 1180 (7th Cir. 1970); *In re Fuego Heating Systems, Inc.*, 17 B.R. 561 (Bkrtcy.D.Me.1982); *In re McAuley Textile Corp.*, 11 B.R. 646 (Bkrtcy.

D.Me.1981). Absence of detail regarding the service performed does not absolve the court from evaluating the service it may proceed utilizing the information submitted and its knowledge of the case. *In re Hamilton Distributors, Inc.*, 440 F.2d 1178, 1180 (7th Cir. 1970); *In re McAuley Textile, supra; In re Leader International Industries, Inc.*, 2 B.C.D. 588 (Bankr.E.D.Mich.1976).

■ The present application enumerates the tasks undertaken by counsel and his associates. Each of these undertakings[1] did require the professional legal skills of an attorney. While the negotiating and securing sale of stock would usually be a function of the trustee, *see In re Leader International Industries, Inc.*, 2 B.C.D. 588, 590 (Bkrtcy.E.D.Mich.1970), the specific involvement here required the skills of counsel. Similarly, examining books and records and recovering property of the estate are the responsibility of the trustee, *see In re T. M. Wells, Inc.*, 575 F.2d 329 (1st Cir. 1978); *In re Cliff House Motor Hotel*, 2 B.C.D. 460, 461 (Bkrtcy.W.D.Mass.1970), but under the present circumstance the acts were directly related to pending and potential litigation and clearly the function of counsel.

■ Whether the fee of $32,936.00 is reasonable compensation for the services rendered must also be determined by the court. *In re Hamilton Hardware Co., Inc.*, 8 B.C.D. 667, 668 (Bkrtcy.E.D.Mich.1981); 11 U.S.C. § 330(a). Reasonable compensation as defined by the Bankruptcy Code may be "based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title." 11 U.S.C. § 330(a)(1). This Bankruptcy Code provision changes the prior practice only by permitting the going rate rather than requiring a less than usual hourly rate. *In re City Planner & Developers, Inc.*, 5 B.R. 217, 6 B.C.D. 707, 2 C.B.C.2d 700 (Bkrtcy.D.P.R.1980). *See e.g. In re Farrington Manufacturing Co.*, 540 F.2d 653, 657 (4th Cir. 1976); *In re Dole*, 244 F.Supp. 751, 754 (D.Me.1965). This does not mean the determination of the amount of compensation, while being fair and reasonable to the attorney, *Rose Pass Mines v. Howard*, 615 F.2d 1088, 1089 (5th Cir. 1980), does not consider the concerns of creditors, *see Realty Associates Securities Corp. v. O'Connor*, 295 U.S. 295, 299, 55 S.Ct. 663, 664, 79 L.Ed. 1446 (1935).

■ Counsel asserts he and his associates spent 526.1 hours between May 29, 1981 and February 3, 1982. However, a review of the supporting data reveals that 18 hours was expended on unidentified research. Failure to provide sufficient detail to enable the court to determine the nature and value of the research forces the court to conclude it is not compensable. Therefore, the amount of $701 is disallowed. Similarly, 55.3 hours were expended on telephone calls and discussions on unidentified matters. Where the court could associate the name of a party to pending litigation or other legal service such calls were allowed. The 55.3 hours for the amount of $3,791.50, which cannot be identified, is disallowed. *See In re Hamilton Distributors, Inc.*, 440 F.2d 1178, 1180 (7th Cir. 1971); *In re Fuego Heating Systems, Inc.*, 17 B.R. 561, 562 (Bkrtcy.D.Me.1982); *In re McAuley Textile*, 11 B.R. 646, 649 (Bkrtcy.D.Me.1981). The hourly rates charged by counsel are not excessive. *In re City Planners & Developers, Inc.*, 6 B.C.D. 707, 5 B.R. 217, 2 C.B.C.2d 700 (Bkrtcy.D.P.R.1980).

Accordingly, the applicant is entitled to compensation in the amount of $28,443.50 plus actual expenses of $1,904.25. Upon proper documentation, submitted promptly, the court will reconsider the fees disallowed.

This amount is awarded despite the claim of First Phillips Corporation that it exceeds the $20,000 maximum set between it and the trustee. Agreements such as the one

---

1. The services provided include: initiating adversary proceedings to recover property of the estate; tending to the legal aspects of the debtor's business; investigating books and records for purposes of finding causes of action against creditors; negotiating and securing sale of stock, negotiating with the creditors' committee; and, formulating a disclosure statement and plan of arrangement and obtaining its confirmation.

between First Phillips and the trustee are irrelevant to the court's determination of the compensation of the counsel unless specifically incorporated into ·the order appointing counsel to the trustee. *See In re Warrior Drilling & Engineering Co., Inc.,* 8 B.C.D. 781, 786 (N.D.Ala.1981). No such reference or incorporation of the agreement or its terms are included in the court's order dated May 29, 1981. Indeed, the agreement was not reached until October 2, 1981.

An order will be entered allowing fees in the amount of $28,443.50 and expenses in the amount of $1,904.25.