**In re Charles J. WHITNEY, Debtor.**

**Bankruptcy No. 180–00062.**

United States Bankruptcy Court,
D. Maine.

Feb. 1, 1983.

Harvey J. Putterbaugh, Trustee, Peter Greenleaf, Asst. U.S. Trustee, Portland, Maine, for trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The trustee filed on December 7, 1982 an application for allowance of compensation to himself as attorney for the trustee. While no party has objected to the requested fees, this Court is obliged to examine the application on its own. *See In re Hamilton Hardware Co., Inc.*, 11 B.R. 326, 329, 7 B.C.D. 963, 965, 4 C.B.C.2d 699, 702 (Bkrtcy. E.D.Mich.1981). The application sets forth the following services for which compensation is sought:

## SERVICES RENDERED AS ATTORNEY

| Date | Description | Hours |
|---|---|---|
| 9/25/1980 | Tc w/Derbyshire (Realtor for Emden Property) re: sale of camp. | .25 |
| 30, | Tc to Marden, Esq. re: documentation of title | .25 |
| 10/03 | Review file for liquidation of property re: marshaling to free equity in camp. | 1.00 |
| 16, | Tc w/Marden, Esquire/Lanzolotta, Esq. re: sale of camp. | .25 |
| 17, | Conf. w/Lanzolotta, Esq. re: secured/unsecured portion of claim. | .50 |
| 12/16 | Tc to Marden, Esq. re: sale of Emden camp | .25 |
| | Preparation of Notice of Sale | 2.00 |
| 17, | Tc w/Marden, Esq; re: Notice of sale | .25 |
| 1/12/1981 | Tc w/Derbyshire (Realtor) re: forwarding deed description for sale. | .25 |
| 5, | Tc w/Derbyshire re: proper documentation of title. | .50 |
| 8, | Tc w/Derbyshire re: buyer withdrawing—possibly another buyer. | .25 |
| 26, | Tc to Marden, Esq; re; status of sale of property for closing. | .25 |
| 2/05, | Tc to Minsky, Esq. and Bangor Court re: secured positions and abandonment of various portions of property. | 1.00 |
| 10, | Tc w/Derbyshire re: perspective purchaser and telecon to Marden, Esquire. | .75 |
| 12, | Tc to Marden, Esq. re: bid acceptance of service. | .75 |
| 28, | Letter to Marden, Esq. re: rejecting offer of Burnell. | .25 |
| 4/17 | Tc w/Derbyshire re: status of sale closing | .25 |
| 6/05 | Tc to Marden, Esq. re: sale closing date | .25 |
| 25, | Tc to Marden, Esq. re: closing | .25 |
| 11/02/82 | Tc to Marden, Esq. re: disbursement of checks | .25 |
| 11/29 | Prepared Final Report for closing. | 1.25 |
| | TOTAL HOURS ‒‒‒‒‒‒‒‒‒ | 11.25 |

▉ Where the Court has authorized a trustee to serve as his own attorney, the trustee is entitled to compensation as an attorney only to the extent that the trustee performed services as an attorney and not for performance of any of the trustee's

duties that are generally performed by a trustee without an attorney's assistance. 11 U.S.C. § 328(b).

The purpose of permitting the trustee to serve as his own counsel is to reduce costs. It is not included to provide the trustee with a bonus by permitting him to receive two fees for the same service or to avoid the maxima fixed in [11 U.S.C.] section 326.

H.Rep. No. 95–595, 95th Cong., 1st Sess. 329 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 6285 *reprinted in* 2 app. *Collier on Bankruptcy* 328–29 (15th ed. 1982). When it comes time to fix compensation, the Court is faced with the delicate task of distinguishing trustee's services from attorney's services. Whether an act is that of a "trustee enlightened by legal understanding" or that of a "lawyer made knowledgeable of bankruptcy by his trustee appointment" is a distinction difficult to draw. *See In re Crutcher Transfer Line, Inc.,* 20 B.R. 705, 713 (Bkrtcy.W.D.Ky.1982) (quoting *In re Red Cross Hospital Association, Inc.,* 18 B.R. 593, 594 (Bkrtcy.W.D.Ky. 1982)). Thus, it follows that an application for compensation must contain "sufficient detail to enable the court to determine the precise services performed, the time expended, the problem involved, its difficulty, the purpose of the action taken and the resolution reached, as well as the benefit to the estate." *In re McAuley Textile Corp.,* 11 B.R. 646, 648 (Bkrtcy.D.Me.1981) (citations omitted). Where an application fails to reveal unusual difficulties, fees for counsel will be denied for the performance of duties of the trustee, including collecting and reducing the estate to money, preparation of required records and reports, protection of the estate from unfounded claims, etc. *See id.;* Bankruptcy Rule 215(e), Advisory Committee's Note; *see also In re Crutcher Transfer Line, Inc.,* 20 B.R. at 711; *In re Auto-Train Corp.,* 15 B.R. 160, 161 (Bkrtcy.D.D.C.1981); *cf. In re SMS, Inc.,* 15 B.R. 496, 8 B.C.D. 718, 5 C.B.C.2d 806 (Bkrtcy.D.Kan.1981). It is the applicant's burden to show his entitlement to fees. *See In re Crutcher Transfer Line, Inc.,* 20 B.R. at 710; *In re Hamilton Hardware Co., Inc.,*

11 B.R. at 329, 7 B.C.D. at 965, 4 C.B.C.2d at 702. Where the record lacks detail, the court may act using the information submitted and its knowledge of the case. *In re Best Pack Seafood, Inc.,* 21 B.R. 852, 854, 9 B.C.D. 389, 390 (Bkrtcy.D.Me.1982). Where insufficient explanatory information is provided for determining the precise nature of the services rendered, the court is compelled to determine that the services are not compensable as legal services. *See In re McAuley Textile Corp.,* 11 B.R. at 649.

In light of the above, the Court finds that the attorney for the trustee is entitled to compensation for the following services:

| | |
|---|---|
| 9/30/80 | .25 hours |
| 10/03/80 | 1.00 hours |
| 1/05/81 | .5 hours |

This Court approves as reasonable compensation the amount of $140.00.

Enter Order.