In re Richard Dwight KING, Deborah M. King, Debtors.

Bankruptcy No. 84–00191–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Aug. 3, 1988.

Richard A. Bartl, Tyler, Bartl, Burke & Albert, Alexandria, Va., for debtors.

Gordon P. Peyton, Alexandria, Va., Trustee in Bankruptcy.

Ethan Allen Turshen, Arlington, Va., Peter S. Leyton, White, Fine & Verille, Washington, D.C., for Trustee.

Thomas A. Cox, Jr., Office of the United States Trustee, Alexandria, Va.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

We consider here a fee application for services rendered by the attorney for the trustee in the instant case. Fee applications filed by the trustee, counsel for the trustee, and special counsel for the trustee, were set for hearing on May 24, 1988. Although no objections were filed in response to the applications, the debtors raised objections on the day of the hearing to the amounts claimed by counsel for the trustee, alone. Satisfied with the applications filed by the trustee, and special counsel, this Court approved the same and took under advisement the remaining application for the trustee's counsel (hereinafter "Counsel"). Upon further review, the United States Trustee filed an objection to Counsel's application on July 1, 1988.

Prior to considering the trustee's filing, we review briefly the guidelines applicable to requests for compensation generally. The Fourth Circuit has determined that a court reviewing fee applications must eval-

uate the nature and extent of the services provided by the attorney in light of the factors established by the Fifth Circuit in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974).[1] *See Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.) (adopting *Johnson* guidelines), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). A court must then ascertain the customary hourly rate of compensation for such services and multiply the hours reasonably expended by the hourly rate approved. *Daly v. Hill,* 790 F.2d 1071, 1077 (4th Cir.1986).

In reviewing the fee application of an attorney hired by a trustee, a bankruptcy court also must take into consideration the relevant provisions of the Bankruptcy Code ("the Code") and the Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. § 101 *et seq.*; Fed.R.Bankr.P. 1001 *et seq.* Section 327(a) of the Code authorizes the employment of professional persons to represent or assist the trustee in carrying out the trustee's duties, upon court approval. 11 U.S.C. § 327(a) (1986). The legislative statements applicable to section 327(a) indicate that this section "contain[ed] a technical amendment [to clarify] that attorneys, and perhaps other officers enumerated therein, *represent,* rather than assist, the trustee in carrying out the trustee's duties." Historical and Revision Notes to 11 U.S.C. § 327, Legislative Statements (emphasis supplied). Congress' intent to distinguish the two roles is explicit in section 328(b) which prohibits the compensation of a trustee, acting as his own attorney, for the "performance of any of the trustee's duties that are generally performed without the assistance of an attorney or accountant to the estate." 11 U.S. C. § 328(b) (1984).

The specific duties of the trustee are prescribed in section 704 of the Code which obligates a trustee to:

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention [to retain or surrender property] as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtors;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and (9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

11 U.S.C. § 704 (1986); *see also* Historical and Revision Notes to 11 U.S.C. § 704, Notes of the Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong.

---

1. The *Johnson* court urged the consideration of the following factors when reviewing applications for fees:
(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7)

the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
488 F.2d at 717–19.

& Admin.News 1978, p. 5787; 11 U.S.C. § 1106 (1986) (incorporating duties of the trustee stated in section 706 and adding others specifically relevant to chapter 11 proceedings). Finally, section 330 captures the essence of the *Johnson* factors by authorizing only the payment of services actual and necessary, with Bankruptcy Rule 2016 specifying the necessary format for fee requests. 11 U.S.C. § 330; Fed.R. Bankr.P. 2016.

■ In view of the above, it is well settled that courts may not compensate an attorney appointed to represent the trustee for services statutorily required of the trustee. *See In re Meade Land & Dev. Co., Inc.*, 527 F.2d 280, 285 (3d Cir.1975) (decided under the Act); *In the Matter of Mabson Lumber Co.*, 394 F.2d 23, 24 (2d Cir.1968) (same); *In re Wiedau's, Inc.*, 78 B.R. 904, 907 (Bankr.S.D.Ill.1987); *In re Wildman*, 72 B.R. 700, 706 (Bankr.N.D.Ill. 1987); *In re Taylor*, 66 B.R. 390, 392 (Bankr.W.D.Pa.1986); *Matter of Wilmon, Inc.*, 61 B.R. 989, 990 (Bankr.W.D.Pa.1986); *In re Shades of Beauty, Inc.*, 56 B.R. 946, 949 (Bankr.E.D.N.Y.1986); *In re Impact Publications, Inc.*, 24 B.R. 980, 982 (Bankr.N.D.Tex.1982); *In re Crutcher Transfer Line, Inc.*, 20 B.R. 705, 711 (Bankr.W.D.Ky.1982); *In re Auto Train Corp.*, 15 B.R. 160, 162 (Bankr.D.C.1981); *In re McAuley Textile Corp.*, 11 B.R. 646, 648 (Bankr.D.Me.1981). Trustees must perform all ministerial and administrative duties of the estate, *see Connelly v. Hancock, Dorr, Ryan & Shove et al.*, 195 F.2d 864, 869 (2d Cir.1952); *Matter of Minton Group, Inc.*, 33 B.R. 38, 41 (Bankr.S.D.N.Y.1983), while attorneys appointed to represent the trustee must exercise professional legal skills and expertise beyond the ordinary knowledge and skill of the trustee to receive compensation. *Meade*, 527 F.2d at 284; *Taylor*, 66 B.R. at 393; *Wilmon*, 61 B.R. at 990; *Shades of Beauty, Inc.*, 56 B.R. 949; *Crutcher*, 20 B.R. at 711; *McAuley*, 11 B.R. at 648. Accordingly, attorneys have been denied compensation for: (1) services relating to the sale of the debtor's assets, the collection of accounts due, the examination of the debtor's papers, *In re Eureka Upholstering Co.*, 48 F.2d 95, 96 (2d Cir.1931); (2) the preparation of notices and advertisements for the sale of the debtor's assets, and license renewals, *Taylor*, 66 B.R. at 393–94; (3) entries relating to routine telephone calls and correspondence with information seekers, *Matter of Minton Group, Inc.*, 33 B.R. at 41; (4) charges for the reduction of the estate to money, the payment of routine bills—including taxes, the arranging of insurance coverage for the estate, and the examination of the debtor's books and records, *McAuley Textile*, 11 B.R. 648–49 (citations omitted); (5) and the arrangement for the sale of the properties of the debtor's estate, *In the Matter of Leader Int'l Indus., Inc.*, 2 B.C.D. 588, 590–91 (Bankr.E.D.Mich.1976).

■ Courts have acknowledged that differentiating between the trustee and attorney roles is a difficult task. *See Meade*, 527 F.2d at 285; *Taylor*, 66 B.R. at 393; *Wilmon*, 61 B.R. at 991; *In re Red Cross Hospital Assoc., Inc.*, 18 B.R. 593, 594 (Bankr.W.D.Ky.1982). Therefore, courts consistently have requested that the demarcation between the trustee's services and the attorney's services be clear and distinct in the attorney's application, and that the specific subject matter and the nature of the problem that implicated legal services be apparent from the records. *Minton*, 33 B.R. at 40; *see Wildman*, 72 B.R. at 707; *Matter of Santoro Excavating, Inc.*, 56 B.R. 546, 550 (Bankr.S.D.N.Y. 1986); *McAuley*, 11 B.R. at 648.

■ The reasons proferred for the above rules are first that the duplication of the trustee's and attorney's services would result in the unnecessary depletion of the debtor's estate, and second that the attorney's assumption of the trustee's duties would be a derogation of the statutory scheme. *Meade*, 527 F.2d at 285. The above guidelines, however, have not been applied in a mechanical fashion. In unique circumstances when matters normally handled by the trustee involve complex legal issues, and the applicant has demonstrated the need for his involvement, courts have allowed compensation. *See, e.g., Meade*, 527 F.2d at 286; *McAuley*, 11 B.R. at 649. The burden, however, is entirely on the

attorney requesting compensation to justify the services rendered. *In re Whitney*, 27 B.R. 352, 354 (Bankr.Me.1983).

Not all courts have expressed the attorney's burden to be as stringent. *See e.g., Shades of Beauty*, 56 B.R. at 949 (holding that burden is on attorney, but noting that court will attempt to resolve all reasonable doubt in favor of attorney). Such a position, however, is compelled by section 328 which "requires the court to differentiate between the trustee's services as trustee and his services as trustee's counsel, and to fix compensation accordingly[,]" and by Bankruptcy Rule 2016 which requires that a *detailed* statement of services rendered be provided to the court. Historical and Revision Notes to section 328, Notes of the Committee on the Judiciary, Senate Report No. 95–989 (emphasis supplied); Fed.R. Bankr.P. 2016. The onus upon the attorney requesting compensation is the same whether he is the trustee who has represented himself, or whether he was appointed subsequently to assume the attorney's role. To hold otherwise would be to thwart Congress' intent to award compensation on a separate basis.

■ We turn now to the objections expressed by the United States Trustee. The first objection we consider is to "charges for certain telephone calls to the trustee for which the justification ... is unclear." We are in agreement with the United States Trustee and need not expand on the inability of courts to award compensation where fee application entries lack specificity. *See McAuley Textile*, 11 B.R. at 649.[2]

■ The second objection we consider is to "time spent [on] duties required of the trustee pursuant to 11 U.S.C. § 704." Again we are in agreement with the U.S. Trustee's position, for in contravention of the standards applicable to an attorney appointed to represent the trustee, counsel in the case at bar requested compensation for time spent reviewing the debtor's files, corresponding with the creditors re documentation of claims, arranging for the appraisal of the debtor's estate, reviewing a proposal for the sale of real estate by the auctioneer, reviewing title reports; preparing notice of intent to sell debtor's property; verifying the advertisement of real estate in the newspaper, reviewing creditor's notice, reviewing the trustee's note re payment of costs for a title exam, reviewing correspondence from the auctioneer, preparing and filing objections to the creditors claims, preparation of the application for payment to the auctioneer, etc. In view of the administrative nature of these services, we cannot approve the respective fees requested, as the services rendered were statutorily required of the trustee himself.[3]

Upon a determination of which claims will not be honored, a court must determine next whether the remaining services for which compensation is requested, were actual and necessary. 11 U.S.C. § 330; *see In re Shades of Beauty*, 56 B.R. at 950. We now consider the U.S. Trustee's general objection to the application for failing to "address the necessity for the services performed ... or the benefit to the estate which resulted."

---

2. We note here our concern with several additional entries which require little discussion. Counsel requested compensation for services rendered from December 11, 1985 to May 11, 1988. The order of appointment, however, was signed on January 24, 1986. Compensation for a time period prior to court approval is not compensable, absent an order authorizing compensation *nunc pro tunc. See Matter of Lindo's Tours, USA, Inc.*, 55 B.R. 475, 478 (Bankr.M.D. Fla.1985). We further note from Counsel's application, that compensation was requested for an appearance in this Court on December 16, 1986, a date on which this case was not scheduled for hearing on any matter. Finally, we note several telephone calls for which the subject matter was not described in sufficient de-

tail. We take the opportunity to remind all counsel that entries of the above nature will not be approved as they lack the necessary documentation. *See In re Factory Tire Distributors, Inc.*, 71 B.R. 723, 725 (Bankr.W.D.Pa.1987) (fee application entries compensated only when substantive nature of activities explained).

3. We note in the instant case that Counsel for the trustee did not duplicate the services of the trustee, resulting in double billing. Rather, Counsel performed services that the trustee should have performed. The duties of the trustee, however, are not delegable. *In re Auto Train*, 15 B.R. at 161; *see 2 Collier on Bankruptcy*, ¶ 330.04[2] at 330–21 (15th ed. 1988).

Although the U.S. Trustee did not make specific remarks with respect to this objection, we note the following. As previously indicated, a "special attorney" was appointed to represent the trustee in this case. Special counsel was hired specifically to conduct litigation in Prince William County. It appears that counsel to the trustee became the "liaison" between the trustee and special counsel, resulting in entries by counsel for the trustee for the receipt and review of the special attorney's appointment; a discussion with the special attorney re potential issue of settling; a conference with the special attorney on the details of the Prince William trial; calls from special counsel regarding the Prince William trial; review of the post-trial motion in special counsel's case; review of the transcript of Prince William case; review of petition to Supreme Court of Virginia for appeal; review of Virginia's Supreme Court's ruling with copies to trustee; receipt and review of special counsel's request for fees and expenses, etc.

The Court also must question the need for an attorney originally appointed to conduct "preference litigation" and "such other related legal services" to act as intermediary between the special counsel and the trustee. While communication amongst counsel certainly is encouraged, we cannot sanction the lines of communication charged to the estate here, when the trustee should have dealt with his appointed attorneys directly. This is especially true in the instant case where Counsel has not alleged that the administration of this estate was peculiarly complex, and the trustee himself was an attorney. *Wildman,* 72 B.R. at 707 (before performing any service, the attorney should first scrupulously weigh and assess the necessity and propriety of each task for which he will be seeking compensation).

Counsel did, however, file a reply to the U.S. Trustee's objection on July 27, 1988. Counsel's primary contentions were that the debtors' objections were last minute and nonspecific, making a defense difficult at best, that Counsel had in fact benefitted the estate by performing legal services, and that legal services may only be provided by properly licensed professionals, regardless of whether the trustee is an attorney.

We note first that a bankruptcy court is duty bound to evaluate the reasonableness of professional employment and compensation regardless of whether a single objection has been raised. *In re Watkins Glen Grand Prix Corp.,* 81 B.R. 232, 234 n. 5 (Bankr.W.D.N.Y.1988). The disadvantage claimed by Counsel, therefore, is not dispositive. Second, despite Counsel's claims that he performed truly beneficial services, he failed to demonstrate adequately how the services questioned by the U.S. Trustee were indeed beneficial. Counsel did note that all creditors would receive payment of their claims in full, but it appears that such a result was attributable more to the value of the debtor's assets than to the benefits conferred through complex litigation conducted by counsel for the trustee. Third, we note preliminarily that Counsel's assertion that only trained attorneys may handle the legal affairs of a debtor's estate is unsupported by the case he cites. The Bankruptcy Appellate Panel for the Ninth Circuit in *In Re Telford* observed that "it is not so much who renders services but what sort of services are rendered that is the subject of inquiry. It is the legal services rendered or to be rendered in contemplation of bankruptcy that the court may examine on its own motion." 36 B.R. 92 (9th Cir.BAP 1984). Unfortunately, Counsel made no attempt in his reply to establish a better correlation between the legal nature and benefit of the services performed and the actual entries in his initial seventeen page application. Absent a clear connection between Counsel's general description of his services, and the specific entries themselves, this Court cannot support an award of professional fees. *See Wildman,* 72 B.R. at 712 (reminding applicants that Rule 2016 requires all necessary information be in the fee application itself); *see also In re Neibart Associates Press, Inc.,* 58 B.R. 212, 215 (Bankr.E.D.N.Y.1985) (resolving uncertainties in application against the applicant).

Upon review of Counsel's application, it is apparent that a large proportion of the services listed are not compensable.[4] After a thorough consideration of the guidelines enumerated above, as well as for the reasons set forth herein, this Court concludes that a total award of $6,000.00 of the $14,125.00 requested is adequate compensation for services rendered, with the full amount of $191.76 awarded for expenses. *See Wildman,* 72 B.R. at 705 (courts have wide discretion in awarding attorneys' fees); *Auto-Train,* 15 B.R. at 161 (same). In all future cases in which trustees deem the hiring of counsel to be necessary, both trustee and counsel will be expected to adhere to the guidelines for compensation indicated above, and all applications will be reviewed by the United States Trustee and this Court accordingly.

Counsel's concluding statements in his reply indicate to this Court that Counsel wishes recognition for the many services that he has provided. He states: "[t]he benefit to the estate from the services and actions of the Trustee and his counsel and other attorneys associated with the case was clearly beneficial. In short, the Trustee and its attorney have earned their fees. There was no duplication of effort between the Trustee and his attorney. Accordingly, it is respectfully submitted that the Application as filed should be approved." The Court agrees that services were performed on behalf of the estate by counsel to the trustee. Nevertheless, we are bound to allow compensation only for services which were necessary and for which there was benefit to the estate.[5]

An appropriate order will enter.

4. Our review reveals a disallowance of certain hours over and above those objected to by the U.S. Trustee.

5. A final factor that bankruptcy courts have used to gauge adequate compensation is the extent to which the professional requesting compensation benefitted the estate. *See Connelly,* 195 F.2d at 869; *In re Geofreeze Corp.,* 50 B.R. 200, 203 (Bankr.E.D.Va.1985); *see also Johnson,* 488 F.2d at 718 (Factor No. 8). In the case at bar, two claims were disallowed due to the discovery of a duplicate billing, and one

claim was disallowed for lack of prosecution. Counsel withdrew objections to two claims without obtaining a reduction of the amounts requested by the creditors, and five of the remaining claims were allowed for the full amounts requested. The total federal tax claim was reduced from $21,639.93 to $19,180.13. The aforementioned does not necessitate the award of a higher fee in this case. *See Connelly,* 195 F.2d at 869 ("achieved results" a factor in determining adequate compensation).