In re RED CROSS HOSPITAL
ASSOC., INC., Debtor.

Bankruptcy No. 76–0386–L.

United States Bankruptcy Court,
W. D. Kentucky.

March 24, 1982.

**594**

John W. Ames, Louisville, Ky., trustee and attorney for the estate.

## ORDER FOR PAYMENT OF ATTORNEY FEES

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The bicephalous nature of the attorney-trustee comes under scrutiny in this six-year-old case in which the trustee, John W. Ames, requests payment for his services as attorney for the estate.

Finally ready for closing is the file of Red Cross Hospital Association, Inc., which has been delayed by, among other things, the efforts of a private collection agency employed by the trustee.

The trustee has petitioned for compensation for 73.8 hours of legal time at the rate of $85 per hour, or a total of $6,273, for the period of March 23, 1976, to the present. An itemized time breakdown submitted with the petition consists of 161 separate entries, none more than one typewritten line long. Most of the time entries pertain, so far as we can tell, to telephone calls, sending and receiving letters, periodic review of the file, and negotiations toward the marshaling of estate assets and their disposition. Only eleven of the time entries were for more than one hour; none for as much as three hours. Most entries were for about 20 minutes, and the timesheet reveals that most of the services were performed during 1976 and 1977.

In 1976 and 1977, under the so-called "economical spirit" of the old Bankruptcy Act, attorneys were generally compensated at the rate of $40 per hour—less than they would have received for comparable services rendered to private paying clients. It was with the specific encouragement of this court, in anticipation of passage of the Bankruptcy Reform Act in 1978, that attorneys began to modernize their bankruptcy fee schedules.

By late 1978, attorneys fees in the range of $50 per hour were not uncommon, and, in an accurate reflection of an inflationary market, have since continued to increase. At this writing a petition for attorneys fees of $70 to $100 per hour, depending upon such subjective elements as the attorney's bankruptcy expertise, the complexity of the issues addressed and the legal results obtained, does not even raise a judicial eyebrow.

But services performed at a given time should be compensable at the contemporaneous prevailing rate, not upon a future rate distorted by intervening inflation over a protracted period of bankruptcy administration.

Further, an attorney-trustee petitioning for payment carries the responsibility of carefully discriminating between those services strictly legal in nature and those which inhere in the office of the trustee. The two offices, attorney and trustee, when mutually occupied, are symbiotic; each enhances the performance of the other. The beneficial end result is efficiency and enlargement of the estate.

The very quality, however, which makes the attorney particularly qualified to act as trustee, unfortunately beclouds the matter of compensation. It requires the trustee to delineate, to the extent that conscience and recollection permit, which services were performed in which capacity. That is no mean chore. A given act may be that of a trustee enlightened by legal understanding, or that of a lawyer made knowledgeable of bankruptcy by his trustee appointment, or both. But the duty of precise delineation must remain exclusively that of the attorney-trustee to perform. Without it the court will not substitute its judgment.

This court is no enemy of the trustee. We share with the attorney-trustee not only a professional fraternity but an economic communion; that attitude still prevails which marked our "endangered species" opinion, *In re Rennison*, 13 B.R. 951 (Bkrtcy.Ky.1981). But we must, in the appropriate case, serve gentle reminder of the court's ultimate responsibility to monitor all costs of administration for the benefit of the bankrupt estate. This is one such occasion.

In the case at hand, the pleadings, reports and other papers of record reveal no truly extraordinary legal effort. Nor does the itemized timesheet permit the judgment to be made that exclusively legal services, as opposed to trustee's duties of the sort compensable at the statutory rate, were in fact rendered. Quite to the contrary, more than half of the entries clearly describe the relatively routine duties customarily performed by a trustee. The brevity of individual entries supports that conclusion.

This is the first order over this signature in recent years substantially reducing the amount of the legal fee petitioned for. It is being entered not as an admonition to the highly competent trustee who is the petitioner here, but as an expression of those guidelines to which the entire trustee panel should have occasional reference.

The trustee-attorney is awarded attorneys fees in the amount of $1,500, and expenses in the amount of $127.50. It is so ordered.