**In re JEBCO, INC., d/b/a Rogers Discount Jewelers, Debtor.**

**Bankruptcy No. 38300067.**

United States Bankruptcy Court, W.D. Kentucky.

Oct. 31, 1984.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The sensitive matter of professional compensation for trustee-attorneys in bankruptcy liquidation cases, not addressed by this court since *In re Red Cross Hospital Association, Inc.*, 18 B.R. 593 (1982), is raised by the present petition for interim fees.

. Trustee Michael J. Clare petitions for an interim legal fee of $2,115. Clare had been authorized by court order in February, 1983 to hire himself as attorney for the estate. His fee application is supported by documentation of 23.5 hours of legal services rendered and billed at $90 per hour.

Concerning the hourly billing rate we have no reservations whatsoever. It is with the description of the services rendered that we encounter our difficulty. The trustee's itemization lists eleven separate entries, many of which facially describe trustee duties rather than legal services.

Those entries which describe legal services legitimately billable to the bankrupt estate are as follows:

Conference with Mr. Richardson, CPA, re audit of records with special attention to related corporations ....................... 2.0
Receipt and review of motion of debtor for refund of funds collected by

Trustee—conference with debtor's attorney—review of documents upon which demand made ............................ 4.0
Review of correspondence from Internal Revenue Service re priority claim for employment taxes—correspondence with debtor's attorney and consultation with accountant re correct liability on priority claims .................................. 5.0

The following entries, however, just as clearly describe trustee duties which require no particular legal expertise and which, by their nature, inhere in the office of trustee at the moment of appointment. They are:

Negotiation and preparation of petition-order re security of property ....... 1.5
Review of petition and investigation re liens on inventory and equipment ............... 2.0
Preparation and filing petition to sell at public auction ............................ 2.0
Preparation and filing petition to pay costs of administration and filing of auctioneer's settlement re public sale ................. 2.0
Correspondence and conference with attorney for debtor re books and records .. 1.5
Preparation and filing petition to employ accountant ............................... 1.0
Preparation and filing petition to invest funds, receipt and review of order authorizing same ........................ 1.5
Preparation and filing petition to pay trustee bond premium .................... 1.0

Our characterization of the items listed first above as strictly legal, and therefore compensable at a $90 hourly rate rather than the much lower trustee's statutory commission rate, we think is charitable. For example, an audit conference with a CPA is nothing more than a search for financial information, and it well could come within the trustee's general duty to "identify, locate and possess" property of the debtor.[1] Similarly, determinations of tax claims, however time-consuming or complex, also represent an express duty of the trustee.[2] In allowing attorney's compensation on this point we take into account Clare's advanced expertise in tax law, which presumably minimized the tax effects to the bankrupt estate. Whether an attorney-trustee without such special expertise could claim legal fees for similar duties we leave as an open question.

---

1. *Collier Handbook for Trustees and Debtors in Possession* ¶ 10.02[1] (Matthew Bender 1982).

2. *Collier,* supra, at ¶ 10.03[6].

Concerning those entries we have identified as trustee duties, their nature is largely self-apparent. The preparation and filing of ministerial petitions for court approval of trustee actions are not compensable as legal duties. Experts have reduced such petitions to matters of rote form requiring little if any legal ability,[3] and their filing is in fact required whether or not the trustee has, or is, an attorney.

The trustee's recapitulation of certain services could have been drawn almost verbatim from a "Checklist of Explicit Trustee's Duties" contained in a recent trustee's handbook.[4]

To cite an example, Clare seeks reimbursement for one hour at $90 for preparation of a petition to employ an accountant. The petition is 63 words long. The petition raises two common sense questions: Is it necessary to pay a lawyer for doing the job of hiring an accountant, and, if so, is the resulting ·expenditure reasonable in amount? We answer the first question in the negative, thereby avoiding the second. We are pleased not to have to consider the reasonableness of billing the estate at the rate of $1.43 *per verbum* for the preparation of a form pleading.

Our opinion today may be taken as a restatement of *Red Cross Hospital,* and of "the court's ultimate responsibility to monitor all costs of administration for the benefit of the bankrupt estate."[5]

As we suggested in *Red Cross Hospital,* the court's exercise of its monitoring function should not be misinterpreted as a predisposition toward niggardly compensation. The problem here is one of perception: The attorney-trustee may view himself primarily as a lawyer and only secondarily as a trustee,[6] whereas the court necessarily must place its first emphasis on the eco-

nomical performance of those trustee duties which are overarching and nondelegable. The court is no more comfortable than are the trustees with a system of compensation review that imposes, in a manner of speaking, a form of compulsory schizophrenia. But it is a duty which we may ignore, all of us, only at our peril.

For the above reasons, the trustee's application is APPROVED for legal fees in the total amount of $990, and the trustee is authorized to draw his check in that amount to himself as counsel.

---

3. *See Collier,* supra note 1.

4. *Collier,* supra note 1 at 19–71.

5. *In re Red Cross Hospital Assn., Inc.,* supra, 18 B.R. at 595.

6. A current practice among trustees is to generally petition, immediately after their appointment, for the employment of themselves as counsel, without any specific demonstration of

a need for legal services. The efficiency of the practice is commendable, but it does create in a broad class of cases the need for a more strict court review of the legal fees subsequently prayed for, and openly invites questions of self-interest. The better practice would be to particularize the need for counsel in the legal setting of individual cases.