**In re Robert Joseph McKENNA fdba McKenna's Bar & Grill, Debtor.**

**Bankruptcy No. 287–06341–C–7.**

United States Bankruptcy Court, E.D. California.

Nov. 21, 1988.

Gregg A. Eichler, trustee.

Gregg A. Eichler, Nancy S. Eichler & Judith C. Hotze, Eichler Law Corp., Sacramento, Cal., for trustee.

MEMORANDUM DECISION ON TRUSTEE'S APPLICATION FOR ALLOWANCES OF COMPENSATION AS TRUSTEE AND AS ATTORNEY

CHRISTOPHER M. KLEIN, Bankruptcy Judge.

The trustee in this chapter 7 case has presented separate applications for compensation in his dual capacities as trustee and as attorney for the trustee in a bankruptcy that consumed less than twelve hours of effort. He seeks $1,190.00 (plus $52.00 in costs) for his services as trustee and $1,232.00 as an attorney's fee for representing himself. Such compensation is in addition to the $45.00 payable to the trustee from the filing fee. The applications, taken together, would yield an effective rate of compensation of at least $205.58 per hour.

*Findings of Fact*

1. This bankruptcy case was filed on November 4, 1987.

2. The trustee was appointed as interim trustee on November 5, 1987.

3. On November 5, 1987, the trustee met with John E. Robert for .60 hours regarding Mr. Robert's interest in purchasing a liquor license that was property of the estate, during which meeting they agreed upon price and terms.

4. On November 5, 1987, the trustee executed papers applying to appoint himself and his law firm as counsel for the trustee. He recited in his supporting declaration under penalty of perjury that his

firm's standard billing rate was $125.00 per hour.

5. On November 5, 1987, the trustee began to prepare, and on November 6, 1987, completed and filed a Motion For Order Approving Sale Of Personal Property seeking permission to sell liquor license number 41–124348 to John E. Robert and Linda and Glen Fowler for $31,000.00 cash plus renewal and transfer fees.

6. The motion consisted of twenty lines of text that were purely factual in nature, and contained no legal analysis.

7. There was no opposition to the motion.

8. On December 1, 1987, the trustee's requested order was signed by Judge David E. Russell of this court and filed, which order required that the trustee pay from the proceeds and taxes, contributions, penalties, and interest claimed by the State of California Employment Development Department or Board of Equalization.

8. On January 28, 1988, the section 341 meeting was held.

9. On April 20, 1988, the trustee filed his first and final account. The account recited that total receipts consisted of the $31,000.00 received from the sale of the liquor license, and that total disbursements were $11,604.04 paid to the State of California Employment Development Department and the Board of Equalization.

10. The trustee requested the sum of $1,190.00 as compensation for reasonable value of his services pursuant to 11 U.S.C. § 330(a), which sum is the statutory maximum permitted by 11 U.S.C. § 326(a), to wit, 15 percent of the first $1,000.00, plus 10 percent of the next $2,000.00, plus 3 percent of the next $28,000.00. The requested compensation is in addition to the $45.00 that the trustee is paid pursuant to 11 U.S.C. § 330(b) from the filing fee.

11. On May 24, 1988, the trustee filed an application for attorney's fees seeking $1,232.00 as compensation for 8.80 hours of professional services at a rate of $140.00 per hour:

| | |
|---|---|
| Telephone inquiries from creditors | 0.30 |
| Application to employ self as counsel | 0.90 |
| Conversations with prospective buyers of debtor's liquor license | 1.00 |
| Prepare, file, and serve motion for authority to sell personal property | 2.55 |
| Prepare for, attend, and discuss outcome of hearing on motion to sell liquor license | 1.55 |
| Conversations with Alcoholic Beverage Commission re sale of liquor license | 0.50 |
| Conversations with State Board of Equalization re debtor's tax liability | 0.50 |
| Letter to State Board of Equalization re debtor's tax liability | 0.10 |
| Conferences with debtor's counsel | 0.90 |
| Prepare and file trustee's first and final account and order approving same | 0.50 |
| Total | 8.80 hrs |

12. The trustee's total effort in this case by himself and his law firm did not exceed twelve hours, including all work as trustee and work claimed to have been professional services.

13. At least two-thirds of the trustee's total effort was actually performed by a junior attorney whose lodestar rate has recently been determined to be $85.00 per hour in the case of *In re Susan E. Long,* No. 287–07506–C–7 (Bankr.E.D.Cal. July 15, 1988).

### Conclusions of Law

The nub of the problem is that the trustee wants $2,467.00 for less than twelve hours of effort in an uncomplicated bankruptcy. The effective rate of $205.58 per hour is extravagant in light of the trustee's affidavit that his standard hourly billing rate as an attorney was $125.00 when most of the work was done and in light of the $85.00 lodestar rate for the associate who did at least two-thirds of the work.[1] The

---

1. In view of the determination that no compensable professional services were performed, it is not necessary to deal with the trustee's attempt to impose a retroactive rate increase except to note that in the Ninth Circuit, when one seeks more than the attorney's standard billing rate, there is a "strong presumption" that a fee award at the attorney's standard billing rate at or near the time services are rendered affords reasonable compensation. *In re Manoa Finance Co.,* 853 F.2d 687, 692 (9th Cir.1988). No evidence has been adduced to justify a premium.

$205.58 effective rate is accomplished by means of doubling up the trustee's basic fee with an attorney's fee for the same work.

### 1. *Attorney's Fees.*

■ Attorney's fees for a trustee are in addition to the trustee's primary compensation, which consists of "reasonable compensation" not to exceed specified percentages. 11 U.S.C. §§ 326(a) and 330(a). In this instance, section 326(a) limits a trustee's compensation to $1,190.00. A trustee may not be paid an attorney's fee for any task that ordinarily would be performed by a competent trustee without assistance from counsel. The Congress was unambiguous about the matter:

> If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

11 U.S.C. § 328(b).

The congressional intention in enacting this limitation was equally explicit:

> The purpose of permitting the trustee to serve as his own counsel is to reduce costs. It is not included to provide the trustee with a bonus by permitting him to receive two fees for the same service or to avoid the maxima fixed in section 326. Thus, this subsection requires the court to differentiate between the trust-

ee's services as trustee, and his services as trustee's counsel, and to fix compensation accordingly.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 328–329 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 39 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5825, 6285.

Nor is the concept new. 2 L. King, *Collier on Bankruptcy* ¶ 328.03 (15th ed. 1988). As Judge Learned Hand noted long ago in a leading case that is still good law:

> The implication behind these claims is that the receiver's attorney may recover, as for legal services, for discharging the duties of the receiver himself. This is an error, due to the confusion that has come to pervade the whole relation of attorneys to a bankrupt estate, except for which it would seem scarcely necessary to say that the receiver as trustee, and he alone, can recover for services in collecting the estate, and that his statutory fees are the limit of his compensation for these. Any truly legal services he may require are indeed in another class, but his attorney, when he has one, cannot take on his duties, and then recover for them under the guise of legal services, which they are not. It is true that the line is not always easy to draw, but it is there, and referees should draw it straitly [*sic* ], else the estate will be burdened with a duplication of charges.

*In re Eureka Upholstering Co.*, 48 F.2d 95, 96 (2d Cir.1931), *cited with approval*, 2 L. King, *Collier on Bankruptcy* ¶ 330.05[1] n. 2 (15th ed. 1988).[2]

---

In addition, a blanket or "blended" rate for everyone in a firm is inappropriate where the rate requested does not fairly reflect the range of rates appropriate to the individuals involved. Here, two-thirds of the work was done by an attorney whose lodestar rate has been determined to be $85.00 per hour. *In re Susan E. Long*, No. 287-07506-C-7 (E.D.Cal. July 15, 1988). The trustee, however, attempts to bill all services, under the guise of a blended rate, at the premium rate claimed by the most senior attorney in the firm. That is unconscionable.

**2.** Consistent with *In re Eureka Upholstery,* courts regularly hold that the trustee's attorney may not be compensated from the estate for services that the trustee was required to per-

form. *See, e.g., In re King,* 88 B.R. 768 (Bankr. E.D.Va.1988); *In re Wiedau's, Inc.,* 78 B.R. 904, 907 (Bankr.S.D.Ill.1987); *In re Wildman,* 72 B.R. 700, 706 (Bankr.N.D.Ill.1987); *In re Taylor,* 66 B.R. 390, 392 (Bankr.W.D.Pa.1986); *In re Wilmon, Inc.,* 61 B.R. 989, 990 (Bankr.W.D.Pa. 1986); *In re McAuley Textile Corp.,* 11 B.R. 646, 648 (Bankr.D.Me.1981). Moreover, and also consistent with *In re Eureka Upholstery,* the trustee must perform, and cannot delegate to a separately appointed counsel, the statutory duties. *In re Auto–Train Corp.,* 15 B.R. 160, 161 (Bankr.D.D.C.1981); *In re King,* 88 B.R. 768, 771 n. 4 (Bankr.E.D.Va.1988); 2 L. King, *Collier on Bankruptcy,* ¶ 330.04[2] (15th ed. 1988).

In order to differentiate between services as trustee and services as counsel, we start with the trustee's duties. The trustee's nine statutory duties are enumerated at 11 U.S.C. § 704.[3] As relevant here, those duties include collecting and reducing to money the property of the estate, investigating the financial affairs of the debtor, examining the proofs of claim with a view toward objecting to allowance, and preparing the trustee's final account.

■ A trustee must be competent to perform all of those duties with at least a modicum of proficiency. A person who is not competent to perform *all* of these duties is not eligible to be appointed trustee. 11 U.S.C. § 321(a)(1).

■ At least two of the items for which attorney's fees are sought are, as a matter of black-letter law, trustee duties. Responding to requests from creditors about whether their claims appear on the schedules is merely part of the duty to "furnish such information concerning the estate and the estate's administration as requested by a party in interest." 11 U.S.C. § 704(7). Preparing the trustee's first and final report is merely fulfilling the duty to "make a final report and file a final account of the administration of the estate with the court." 11 U.S.C. § 704(9). The .80 hours of claimed professional services is not allowed.

Meetings with counsel for the debtor invoke the duty to investigate the financial affairs of the debtor. 11 U.S.C. § 704(4). Since one of those meetings also involved a secured creditor and a release, the duties to furnish information and to close the estate as expeditiously as is compatible with the best interest of parties in interest are also implicated. 11 U.S.C. §§ 704(1) and (7). The task is generally performed by trustees without assistance of an attorney for the estate. 11 U.S.C. § 328(b). The .90 hour claimed is not allowed.

Contacts with prospective purchasers of the liquor license and presentation of a simple, uncontested motion for authority to sell the license are manifestations of the trustee's duty to collect and reduce to money the property of the estate. 11 U.S.C. § 704(1). The presentation of such a simple motion in which there is no need for complex legal analysis or intricate argument is a duty that is generally performed by a trustee without the assistance of an attorney for the estate. The .90 hour for The 5.10 hours claimed are not allowed.

Preparation of the application for employment of a professional is another manifestation of the trustee's first, second, and fourth enumerated duties, all of which imply a duty to administer the estate. 11 U.S.C. §§ 704(1), (2), and (4). Such applications are generally prepared and presented by a trustee without the assistance of an attorney for the estate. The .90 hours for preparing the application is not allowed.

Ascertaining the debtor's tax liability and other charges against the liquor license merely constituted performance of the trustee's first, fourth, and seventh enumerated duties. 11 U.S.C. §§ 704(1), (4), and (7). The 1.10 hours devoted to the task are not allowed.

3. *§ 704. Duties of trustee.* The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

This analysis is consistent with decisions in which other courts have held that the following are trustee duties for which attorney's fees are not allowed:

—Services relating to sale of the debtor's assets.

—Collection of accounts due.

—Examination of the debtor's papers.

—Preparation of notices and advertisements for the sales of the debtor's assets, and license renewals.

—Routine telephone calls and correspondence with information seekers.

—Reduction of the estate to money.

—Payment of routine bills, including taxes.

—Arranging insurance coverage.

—Arranging for appraisals of the estate.

—Corresponding with creditors re documentation of claims.

—Reviewing title reports.

—Preparing and filing objections to claims.

—Preparing application for employment of professional.

—Acting as liaison with special counsel. *In re King*, 88 B.R. 768 (Bankr.E.D.Va. 1988) (and cases collected therein).

The burden of proof also comes into play. A trustee must demonstrate that services for which a trustee wants attorney's fees were not duties that generally are performed by a trustee without assistance of counsel. *See, e.g., In re King*, 88 B.R. at 771. Here, the trustee relies entirely upon the evidence of his description of services in his billing records. That description is unconvincing and, when compared with the record of the case, tends to prove that no professional services were involved. Thus, the trustee has failed to carry his burden of proof, which failure provides an independent basis for denying the attorney's fee application in its entirety.

In short, this attorney's fee application places in focus the issues addressed by section 328(b). All of the tasks should have been done without the assistance of an attorney for the estate.

Allowing attorney's fees in these circumstances would amount to a circumvention of the statutory maxima at 11 U.S.C. § 326(a). And it would offend the congressional mandate that the trustee not be permitted to appropriate a bonus by hiring himself as a professional.

Since none of the claimed services necessitated employment of an attorney for the estate, and since all of them were duties that the trustee is required to perform, the trustee has not rendered any professional legal services to the estate.[4] No compensation for professional services is appropriate.

2. *Reasonable Compensation for Services as Trustee.*

■ The trustee is entitled to reasonable compensation for services actually and necessarily rendered in his capacity as trustee up to, in the case of a $31,000.00 estate, $1,190.00. 11 U.S.C. §§ 326(a) and 330(a). In addition, the trustee receives $45.00 from the filing fee. 11 U.S.C. § 330(b). Thus, if the application is granted, the trustee would receive $1,235.00 for work that did not exceed twelve hours, a rate in excess of $102.92 per hour.

The trustee's job in this bankruptcy case was simple. The debtor's only nonexempt asset of value was his liquor license. The negotiation of a sale the day after the case was filed and within hours after appointment of the trustee confirms that little effort was involved. There were no other assets to sell. The remainder of the case was purely ministerial: ascertaining the amount of charges against the liquor license, obtaining judicial approval of an uncontested sale, talking with two creditors, attending the section 341 meeting, and preparing the first and final account. There in no indication that claims were reviewed in any meaningful manner.

---

**4.** This determination obviates the need to determine whether the amount of time requested is reasonable.

The reasonableness of the requested compensation can be measured against the respective actors' lodestar rates for their professional services as attorneys. At least two-thirds of the effort (*i.e.* eight hours) was by an employee of the trustee whose lodestar rate as an attorney is $85.00 per hour—$680.00. Up to one-third (*i.e.* four hours) was by the trustee himself, whose standard billing rate as an attorney was $125.00 per hour—$500.00. This is a total of $1,180.00, compared with a statutory maximum of $1,190.00.

This close correlation between attorney's fees and trustee compensation is not sufficient reason to reduce the compensation from the statutory maximum. Economic incentives for trustees are important factors in attracting able persons to serve as trustees. Reasonable compensation is central to such incentives. An excellent candidate who, as an attorney or accountant commands and receives higher compensation for professional services outside of bankruptcy, would not be attracted to perform this essential service if there were some rule that deemed reasonable trustee compensation always to be at effective rates less than compensation available to professionals. The Congress has set the limits at 11 U.S.C. § 326(a), within which limits the court has considerable discretion.

Under the circumstances of this case, compensation that is approximately the same as the trustee could have earned by rendering professional services to other clients is reasonable. Accordingly, $1,190.00 is awarded, to which is added reimbursement of actual, necessary expenses of $52.00.

An appropriate order will issue.