**In re GARY FAIRBANKS, INC., Debtor.**

**In re GENEVA GRAIN & LUMBER, INC., Debtor.**

**In re Ronald W. COURSON and Virginia E. Courson, Debtors.**

**In re Wilbur NISSEN and Leola Nissen, Debtors.**

**In re Raymond Eugene OULMAN and Madalyn Marlene Oulman, Debtors.**

**In re Ernest M. PIERCE and Lenore S. Pierce, Debtors.**

**In re Walter WHITECOTTON and Faye M. Whitecotton, Debtors.**

**Bankruptcy Nos. X88–00872F, X88–00870F, X88–01660F, X88–01410F, X82–03068F, X88–01615F and X88–00893F.**

United States Bankruptcy Court, N.D. Iowa.

Feb. 2, 1990.

---

James H. Cossitt, Ames, Iowa Trustee in all the cases.

Jack A. Hall, Eldora, Iowa, for debtors Gary Fairbanks, Inc. and Geneva Grain & Lumber, Inc.

Lee E. Poppen, Clarion, Iowa, for debtors Courson.

Robert Brinton, Clarion, Iowa, for debtors Nissen.

John H. Neiman, Des Moines, Iowa, for debtors Oulman.

Donald A. Beneke, Pocahontas, Iowa, for debtors Pierce.

Kurt T. Pittner, Fort Dodge, Iowa, for debtors Whitecotton.

## MEMORANDUM AND ORDER RE: ATTORNEY FEES

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matters before the court are objections by the U.S. Trustee to interim attorney fee applications by the attorney for the case trustee in the above-titled cases. A telephonic hearing was held on November 29, 1989.

The court now issues its order which includes findings of fact and conclusions of law pursuant to Bankr.R. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Initially, the court may dispose of several issues that have not been or are no longer in dispute. First, there is no dispute as to the compensation sought by accountant Gene E. Dougherty for his services to the estates in the *Geneva Grain & Lumber, Inc.* and *Gary Fairbanks, Inc.* cases. Mr. Dougherty's fees are therefore allowed.

Second, the trustee readily concedes that a $45.00 statutory trustee fee billed in each of his seven fee applications was automatically received in each case and therefore should not be included in the attorney fee applications. The court will, therefore, delete this item from each application.

Third, the trustee agrees that his preparation and filing of the form document "IA–22," entitled "Statement of the Trustee as to the Need for the Services of an Attorney or Accountant for the Estate" is not compensable as an attorney service. This form, the preparation of which is billed for at least once in each of the seven fee applications, is filed only with the U.S. Trustee and not with the court. The pur-

pose of the form is to explain why the case trustee is in need of professional services. Therefore, because the filing of these forms constitute neither the practice of law nor a request for judicial action, the attorney for the trustee agrees that these charges should be deleted from his fee applications.

Finally, the attorney for the trustee concedes that his fee entry in the *Courson* application seeking compensation for preparing for and attending a § 341 creditors meeting on December 4, 1988 is not sufficiently detailed to entitle him to compensation. Courts have consistently held that "demarcation between the trustee's services and the attorney's services be clear and distinct in the attorney's application." *In re King,* 88 B.R. 768, 770 (Bankr.E.D.Va. 1988). The trustee has since chosen to forego amendment of those entries and consents to the disallowance of compensation for those services.

Compensation for the filing of four other types of form documents remain in dispute. These are as follows: the IA–16 "Notice and Report of Sale of Property Over $1,500.00," filed in the *Oulman* case; the IA–18 "Motion and Notice of Compromise or Settlement of Controversy," filed in the *Nissen, Pierce, Whitecotton* and *Geneva Grain* cases; the "Order Directing Notice Mailing" which is generally filed with the IA–18; and the IA–21 "Application for Approval of Employment of Accountant [or Attorney]," filed at least once in each case.

■ A bankruptcy court has an obligation to evaluate the reasonableness of professional employment and compensation regardless of whether objections have been raised. *In re King,* 88 B.R. at 772.

■ The court may, under 11 U.S.C. § 327(d), authorize a trustee to act as an attorney for the estate if such authorization is in the best interest of the estate. However, the trustee may be compensated as an attorney

> [o]nly to the extent that the trustee performed services as an attorney ... for the estate and not for the performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney ... for the estate.

11 U.S.C. § 328(b). It is, therefore, well settled that courts may not compensate an attorney appointed to represent the trustee for services which are statutorily required of the trustee, *In re King,* 88 B.R. at 770, or that are ordinarily performed by a competent trustee without assistance from counsel. *In re McKenna,* 93 B.R. 238, 241 (Bankr.E.D.Cal.1988).

The function of an attorney for the trustee is to render to the estate services which cannot and should not properly be performed for compensation by one not licensed to practice law. *In re Wildman,* 72 B.R. 700, 706 (Bankr.N.D.Ill.1987); *In re Shades of Beauty, Inc.,* 56 B.R. 946, 949 (Bankr.E.D.N.Y.1986), *aff'd,* 95 B.R. 17 (E.D.N.Y.1988). While trustees generally perform all ministerial and administrative duties of the estate, it is the responsibility of an attorney appointed to represent the estate to exercise professional skills and expertise beyond the ordinary knowledge and skill of the trustee. *In re King,* 88 B.R. at 770. Accordingly, before the attorney for the trustee can be compensated, the court must determine which services performed were truly legal in nature, and which were actually the ministerial duties of the trustee. *In re Wildman,* 72 B.R. at 706; *In re Taylor,* 66 B.R. 390, 393 (Bankr. W.D.Pa.1986).

■ The burden is on the trustee to demonstrate that services for which attorneys fees are sought are not duties generally performed without the assistance of counsel. *In re McKenna,* 93 B.R. at 242.

Whether an act is that of a "trustee enlightened by legal understanding" or that of a "lawyer-made-knowledgeable of bankruptcy by his trustee appointment" is a distinction difficult to draw. *In re Whitney,* 27 B.R. 352, 354 (Bankr.D.Me.1983). However, courts have consistently held that where an application fails to reveal unusual difficulties or extraordinary legal effort on behalf of the trustee, particularly in the performance of the trustee's own statutory duties, fees for counsel should be denied. *In re Whitney,* 27 B.R. at 354; *In re Red Cross Hospital Assoc., Inc.,* 18 B.R. 593, 595 (Bankr.W.D.Ky.1982).

### a. IA–21

Applications for Approval of Employment of Accountant/Attorney

■ The attorney for the trustee seeks compensation for the preparation and filing of IA–21 forms in each case as follows:

| Case | Date |
| --- | --- |
| Nissen | 10–25–88 |
| Courson | 11–19–88 |
| Pierce | 11–22–88, 3–7–89, 3–25–89 |
| Oulman | 12–13–88, 12–28–88 |
| Whitecotton | 8–30–88, 3–25–89 |
| Geneva Grain & Lumber | 6–22–89, 11–14–88, 6–5–88 |
| Gary Fairbanks, Inc. | 11–30–88 |

Each one of these documents is a basic form generated by the U.S. Trustee's office. All the case trustee need do is fill in the blanks stating the attorney or accountant's name, address, proposed compensation, and duties the trustee is employing the attorney or accountant to perform. Each application also includes a verified statement as required by Bankr.R. 2014 and an order, both of which are also brief forms. Each application is generally two pages long; not one of the applications is longer than three pages.

These form applications simply require the filling in of blanks; no legal knowledge is required for their execution. Indeed, the idea behind this form application is undoubtedly to give the trustee a simple vehicle to enable him to hire professionals without the need of assistance. The preparation and filing of ministerial petitions for court approval of trustee actions are not compensible as legal services. *In re Jebco, Inc.*, 44 B.R. 81, 83 (Bankr.W.D.Ky.1984). Furthermore, with respect to applications for the hiring of attorneys on behalf of the estate, the court does not consider that an attorney should be compensated for the drafting of an application for appointment when the attorney has yet to be appointed to assist the trustee. *Matter of Wilmon, Inc.*, 61 B.R. 989, 993 (Bankr.W.D.Pa.1986). These applications are generally prepared and presented without the assistance of an attorney, and therefore are not compensible as legal services. *In re McKenna*, 93 B.R. at 241; *Matter of Wilmon, Inc.*, 61 B.R. at 993; *In re Jebco, Inc.*, 44 B.R. at 83. If a trustee requires the services of an attorney to hire an attorney or an accountant, it is difficult to imagine many other activities the trustee can accomplish without the aid of a professional. Time for preparing and filing IA–21 forms is not compensible as a legal service.

### b. IA–18

Motion and Notice of Compromise on Settlement of Controversy

■ The attorney for the trustee also seeks compensation for the filing of IA–18 forms in each of the following cases.

| Case | Date |
| --- | --- |
| Nissen | 6–21–89, 6–22–89, 7–25–89 |
| Courson | 12–21–88 |
| Pierce | 3–7–89 |
| Whitecotton | 12–17–88, 3–15–89 |
| Geneva Grain & Lumber | 1–4–89, 1–19–89 |

The IA–18 form is a basic form document generated by the U.S. Trustee's office. All that is required of the trustee is a brief description of the settlement. The motion

is generally one page long and typically refers to an attached settlement offer. None of the settlements in these cases are unusually complicated and none of the motions for settlement were contested.

The trustee has a duty to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(1). Therefore, absent exceptional circumstances requiring the assistance of a professional, the filing of a form motion for settlement is a statutory duty of the trustee and is not compensable as a legal service. "The presentation of such a simple motion in which there is no need for complex legal analysis or intricate argument is a duty that is generally performed by a trustee without the assistance of an attorney for the estate." *In re McKenna,* 93 B.R. at 241. *See also In re Taylor,* 66 B.R. at 393. The court can foresee situations in which the complexity of or controversy over a settlement may justify the use of an attorney in drafting an IA–18 form. Such situations will be examined by this court on a case-by-case basis. However, none of the settlements in the applications before the court rise to this level of complication, and therefore legal compensation for the drafting of these forms will not be allowed.

### c. Order Directing Notice Mailing

Likewise, the time billed for each "Order Directing Notice Mailing," which is generally filed along with an IA–18 motion, simply cannot be considered a legal expense. These orders are one-paragraph documents that the attorney for the trustee concedes require no legal advice or services. This type of order, more than any other item billed in this case, typifies the sort of ministerial function a trustee is capable of performing without the assistance of an attorney. Filing such with the court does not automatically bring it within the domain of attorney services. Nor does the fact that the order seeks action by the attorney for the trustee mean that the filing of the order itself constitutes a legal service. Therefore, all time billed for such orders will not be allowed.

### d. IA–16

Notice and Report of Sale of Property Over $1,500.00

■ Finally, the attorney for the trustee seeks compensation for the preparation and filing of an IA–16 form in the *Oulman* case (billed on December 13, 1988). The IA–18 form is a form document generated by the U.S. Trustee's office requiring the trustee to describe the property of the estate to be sold, the name of the purchaser, and the consideration received by the estate. The document filed in *Oulman* case merely references the sale documents filed by the parties with the county recorder. As stated above, the court can foresee situations in which such a sale may be sufficiently complicated to require professional services in the drafting of the notice and report of sale. However, the sale in the *Oulman* case was fairly simple and does not evince a level of complication sufficient to justify the hiring of a professional for the drafting of a form notice. Therefore, legal services for the drafting of this IA–16 form will also not be allowed. *See e.g. In re McKenna,* 93 B.R. at 241; *In re Taylor,* 66 B.R. at 393.

### CONCLUSION

The court approves trustee's application for allowance of administrative fees except for the following entries:

(1) Nissen

| Date | Service | Hours | Fees |
| --- | --- | --- | --- |
| 9–16–88 | Trustee fees | | $ 45.00 |
| 10–25–88 | Application to employ attorney | .3 | 25.50 |
| 10–25–88 | IA–22 | 0.2 | 17.00 |
| 6–21–89 | DR IA–18 | 0.6 | 51.00 |
| 6–21–89 | DR Order Notice Mailing | 0.4 | 34.00 |
| 6–22–89 | Revise IA–18 | 0.4 | 34.00 |
| 7–25–89 | DR IA–18—Liscum | 0.6 | 51.00 |

| Date | Service | Hours | Fees |
|------|---------|-------|------|
| 7–25–89 | DR Order Notice Mailing | 0.4 | $ 34.00 |
| | TOTAL | | $291.50 |

(2) Courson

| Date | Service | Hours | Fees |
|------|---------|-------|------|
| 11–15–88 | Trustee fees | | $ 45.00 |
| 11–19–88 | DR IA–21 | 0.3 | 25.50 |
| 11–19–88 | DR IA–22 | 0.2 | 17.00 |
| 11–27–88 | Prepare for 341(a) meeting | 1.4 | 119.00 |
| 11–30–88 | Motion and 341(a) meeting | 0.4 | 34.00 |
| 12–4–88 | Meeting of creditors | 1.0 | 85.00 |
| 12–21–88 | RE—settlement agreement | 0.2 | 17.00 |
| | TOTAL | | $342.50 |

(3) Pierce

| Date | Service | Hours | Fees |
|------|---------|-------|------|
| 10–21–88 | Trustee fees | | $ 45.00 |
| 11–22–88 | IA–21 | 0.3 | 25.50 |
| 11–22–88 | IA–22 | 0.2 | 17.00 |
| 3–7–89 | DR IA–18 | 0.4 | 34.00 |
| 3–7–89 | DR Order Notice Mainling [sic] | 0.4 | 34.00 |
| 3–7–89 | DR IA–21 accountant | 0.3 | 25.50 |
| 3–7–89 | DR IA–22 accountant | 0.3 | 25.50 |
| 3–25–89 | DR IA–21 accountant | 0.5 | 42.50 |
| 3–25–89 | DR IA–22 accountant | 0.3 | 25.50 |
| | TOTAL | | $274.50 |

(4) Oulman

| Date | Service | Hours | Fees |
|------|---------|-------|------|
| 8–3–88 | Trustee fees | | $ 45.00 |
| 12–13–88 | DR IA–21 | 0.3 | 25.50 |
| 12–13–88 | DR IA–22 | 0.2 | 17.00 |
| 12–13–88 | DR IA–16 | 0.3 | 25.50 |
| 12–28–88 | DR IA–21 | 0.3 | 25.50 |
| 12–28–88 | DR IA–22 | 0.2 | 17.00 |
| | TOTAL | | $155.50 |

(5) Whitecotton

| Date | Service | Hours | Fees |
|------|---------|-------|------|
| 6–7–88 | Trustee fees | | $ 45.00 |
| 8–30–88 | Prepare application | 0.2 | 17.00 |
| 12–17–88 | DR IA–18—547 claims | 0.3 | 25.50 |
| 12–17–89 | Order—Notice Mailing | 0.1 | 8.50 |
| 3–15–89 | Order Notice Mailing | 0.2 | 17.00 |
| 3–15–89 | Preparation of IA–18 | 0.4 | 34.00 |
| 3–25–89 | DR IA–21 accountant | 0.5 | 42.50 |
| | DR IA–22 accountant | 0.3 | 25.50 |
| 4–17–89 | DR Order—IA–18 | 0.4 | 34.00 |
| | TOTAL | | $249.00 |

(6) Geneva Grain & Lumber, Inc.

| Date | Service | Hours | Fees |
|------|---------|-------|------|
| 6–3–88 | Trustee fees | | $ 45.00 |
| 6–5–88 | Prepare 2 applications | 0.8 | 68.00 |
| 6–22–89 | DR IA–21—Cady | 0.8 | 68.00 |
| | DR IA–22—Cady | 0.6 | 51.00 |
| 1–4–89 | DR IA–18 | 0.2 | 17.00 |
| 1–4–89 | Order re Notice Mailing | 0.2 | 17.00 |
| 1–19–89 | DR IA–18—Heitland | 0.4 | 34.00 |
| 1–19–89 | Order re Notice Mailing | 0.2 | 17.00 |
| 11–14–88 | DR IA–21—accountant | 0.2 | 17.00 |
| 11–14–88 | DR IA–22—accountant | 0.2 | 17.00 |
| | TOTAL | | $351.00 |

(7) Gary Fairbanks, Inc.

| Date | Service | Hours | Fees |
|---|---|---|---|
| 6-3-88 | Trustee fees | | $ 45.00 |
| 11-30-88 | DR IA-21—accountant | 0.3 | 25.50 |
| 11-30-88 | DR IA-22—accountant | 0.2 | 17.00 |
| | TOTAL | | $ 87.50 |

## ORDER

IT IS THEREFORE ORDERED as follows:

(1) *Nissen.* Payer & Hunziker is hereby allowed attorneys' fees of $3,988.90, plus expenses of $245.25 for a total of $4,234.15 as an administrative claim for services on behalf of the estate.

(2) *Courson.* Payer & Hunziker is hereby allowed attorneys' fees of $2,543.10 plus expenses of $192.25 for a total of $2,735.35 as an administrative expense for services on behalf of the estate.

(3) *Pierce.* Payer & Hunziker is hereby allowed attorneys' fees of $773.50 plus expenses of $96.50 for a total of $870.00 as an administrative expense for services performed on behalf of the estate.

(4) *Oulman.* Payer & Hunziker is hereby allowed attorneys' fees of $450.50 plus expenses of $58.50 for a total of $509.00 as an administrative expense for services on behalf of the estate.

(5) *Whitecotton.* Payer & Hunziker is hereby allowed attorneys' fees of $2,516.80 plus expenses of $118.50 for a total of $2,635.30 as an administrative expense for services on behalf of the estate.

(6) *Geneva Grain & Lumber, Inc.* Payer & Hunziker is hereby allowed attorneys' fees of $4,295.00 plus expenses of $475.95 for a total of $4,770.95 as an administrative expense for services on behalf of the estate, and Gene E. Dougherty is hereby allowed fees of $3,244.50 as an administrative expense for services on behalf of the estate.

(7) *Gary Fairbanks, Inc.* Payer & Hunziker is hereby allowed attorneys' fees of $700.00 plus expenses of $60.00 for a total of $760.00 as an administrative expense for services on behalf of the estate, and Gene E. Dougherty is hereby allowed fees of $375.20 as an administrative expense for services on behalf of the estate.

SO ORDERED.