NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIM D. SMITH,

              Appellant,

  v.

UST - UNITED STATES TRUSTEE,
PHOENIX,

              Appellee.

No. 24-169

BAP No.
23-1047

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Corbit, and Faris, Bankruptcy Judges, Presiding

Submitted October 24, 2024[**]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

     Appellant Jim D. Smith appeals from a decision of the Bankruptcy Appellate

Panel (BAP) affirming the bankruptcy court's order regarding attorney's fees. We

review decisions of the BAP de novo. *Renwick v. Bennett* (*In re Bennett*), 298

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1059, 1063 (9th Cir. 2002). We will not disturb the bankruptcy court's award of attorney's fees in the absence of an abuse of discretion or an erroneous application of law. *L. Offs. of David A. Boone v. Derham-Burk* (*In re Eliapo*), 468 F.3d 592, 596 (9th Cir. 2006). We "affirm unless the [bankruptcy] court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019) (citation omitted). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm.

Smith was appointed the Chapter 7 trustee of the bankruptcy estate of Alejandro Rivera and Brenda Jimenez-Conteras. With the bankruptcy court's approval, Smith employed himself as the attorney for the estate under 11 U.S.C. § 327, and subsequently filed an application for attorney's fees. The bankruptcy court did not abuse its discretion by awarding Smith less than the full amount of attorney's fees he requested in his amended fee application. The bankruptcy court's decision indicates that it recognized the applicable provisions of the bankruptcy code, including 11 U.S.C. §§ 330 and 328. Section 330 provides that the bankruptcy court may award a professional appointed under § 327, such as Smith, "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1)(A). While § 330 provides for an award of reasonable attorney's fees, when the trustee serves as the attorney for the estate, § 328 prohibits

compensation for the "performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney . . . for the estate."  11 U.S.C. § 328(b).

1.      Considering the limitations in § 328, the bankruptcy court did not abuse its discretion in placing the burden on Smith to demonstrate his entitlement to fees in his role as attorney for the estate.  *See Dalessio v. Pauchon* (*In re Dalessio*), 74 B.R. 721, 724 (B.A.P. 9th Cir. 1987); *see also Roderick v. Levy* (*In re Roderick Timber, Co.*), 185 B.R. 601, 606–07 (B.A.P. 9th Cir. 1995) (stating that the trustee has the burden of providing records to distinguish between work of an attorney and work of the trustee); *In re Gary Fairbanks, Inc.*, 111 B.R. 809, 811 (Bankr. N.D. Iowa 1990) ("The burden is on the trustee to demonstrate that services for which attorneys fees are sought are not duties generally performed without the assistance of counsel.").

2.      The bankruptcy court did not abuse its discretion in declining to award attorney's fees for Smith's work related to the recovery of the debtors' pre-petition cash withdrawals from their bank account.  The trustee's duties include "collect[ing] and reduc[ing] to money the property of the estate," and "investigat[ing] the financial affairs of the debtor."  11 U.S.C. § 704(a)(1), (4). Under § 328, an attorney who serves as counsel for the trustee may only be compensated for tasks that require legal expertise beyond that of an ordinary

24-169

trustee. *U.S. Tr. v. Boldt* (*In re Jenkins*), 188 B.R. 416, 420 (B.A.P. 9th Cir. 1995), *aff'd*, 130 F.3d 1335 (9th Cir. 1997); *see Ferrette & Slater v. U.S. Tr.* (*In re Garcia*), 335 B.R. 717, 725 (B.A.P. 9th Cir. 2005) ("Only when unique difficulties arise may compensation be provided for services which coincide or overlap with the trustee's duties and only to the extent of matters requiring legal expertise." (quoting *U.S. Tr. v. Porter, Wright, Morris & Arthur* (*In re J.W. Knapp*), 930 F.2d 386, 388 (4th Cir. 1991)). The evidence in the record supports the bankruptcy court's conclusion that, in this case, Smith's efforts to recover the debtor's pre-petition withdrawals was work routinely performed by trustees without the benefit of counsel. Additionally, there is no evidence of a dispute with the debtors or evidence that the recovery of the pre-petition withdrawals presented "unusual difficulties" that required legal efforts beyond the trustee's own duties. *See In re Gary Fairbanks, Inc.*, 111 B.R. at 811.

The bankruptcy court did not abuse its discretion in awarding a reduced amount of attorney's fees.

**AFFIRMED.**